McGREW, *Appellant*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.

DIVISION ONE.

1. **Practice**: INSTRUCTIONS. Objections to instructions on the ground that they are mere abstract propositions of law are not well taken where they state the law correctly, and are followed by others properly applying the law to the facts.

2. ————: ————. The giving of an erroneous instruction will not constitute reversible error, where, taken in connection with other instructions, it is clear it did not mislead the jury.

3. **Railroad**: FURNISHING CARS. Where a railroad company is not required, by the order for cars, to furnish them at any particular hour, the delivery at any hour of the day is sufficient.

4. ———— : ———— : APPEAL. The question, whether it was the custom of the company to deliver cars at an earlier hour than the one at which they were furnished cannot be raised for the first time on appeal.

5. **Practice** : SEVERAL COUNTS. A plaintiff will not be given judgment on appeal on any one of several counts of a petition on the ground that there was no valid defenses to said count, where at the trial all of plaintiff's instructions were general in form, and no instruction was asked applying to such count.

6. ———— : DOCUMENTARY EVIDENCE: RELEVANT PARTS. The exclusion of a document from evidence on the ground of its being voluminous and containing a large amount of irrelevant matter is not error where the party offering it does not designate the parts revelant to the issue, and which he desired to read to the jury.

*Appeal from LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Alexander Graves* for appellant.

(1) The court erred in granting instruction, numbered 2, for defendant. *First.* It is a mere abstract

proposition of law, not applicable to the evidence and particular case made by the pleadings. *Huffman v. Hackley,* 34 Mo. 277; *Turner v. Loler,* 34 Mo. 461. "The proper province of an instruction is to submit questions of fact, not propositions of law." Per BLACK, J., in *Albert v. Besel,* 88 Mo. 153. *Second.* If it be not a mere abstract proposition of law, then it assumes as facts "an unusual increased demand for cars," and that "a sudden and temporary use" existed at some "particular portion of the year." These matters are controverted and constituted the material issue before the jury, and hence the instruction was erroneous. *Merritt v. Given,* 34 Mo. 98; *Turner v. Loler,* 34 Mo. 461; *Dowling v. Allen & Co.,* 88 Mo. 293; *Moffatt v. Conklin,* 35 Mo. 453; *Wright v. Fonda,* 44 Mo. App. 643, and cases cited. (2) The court erred in granting for defendant instruction, numbered 8, for the same reasons as above given to establish the error in instruction, numbered 2, and the same authorities are here referred to in support of this point. This instruction, numbered 8, is even worse than number 2. (3) Instruction, numbered 12, is erroneous because the entire evidence in the record shows that cars furnished after four P. M. could not be loaded on the same day, the miners quitting work at that hour each day. (4) Instruction 13 for defendant is erroneous. This instruction in plain terms assumes that "a long continued, unusual and unexpected drought, or an unusual, continued and severe cold spell of weather prevailed in the section of country through which defendant's road ran," and, therefore, defendant is exonerated. It was a controverted fact by the pleadings and evidence on both sides as to whether this drought and excessive cold existed in this part of the country, so as to prevent the furnishing of the cars as demanded. This material issue should not have been assumed in favor of the defendant. This

assumption was an invasion of the province of the triers of fact, and constitutes reversible error. *Merritt v. Given*, 34 Mo. 98; *Turner v. Loler*, 34 Mo. 461; *Dowling v. Allen & Co.*, 88 Mo. 293; *Moffatt v. Conklin*, 35 Mo. 453; *Wright v. Fonda*, 44 Mo. App. 643, and cases cited. (5) The court committed palpable error in rejecting the record evidence of the amount earned by defendant "per freight train mile for the years 1886 and 1888." This was competent in rebuttal and would have disproved the allegations contained in the answer by way of affirmative defense, setting up the "unusual drought and excessive cold," whereby the transportation of freight was claimed by defendant to have been more expensive and impossible. (6) Plaintiff should at least have had judgment upon the fourth and fifth counts of the petition, the excuse for not furnishing the cars on the days referred to in them being suspension of work on account of the death of defendant's superintendent. This constituted no defense to said counts.

*H. S. Priest* and *W. S. Shirk* for respondent.

(1) There was no material error in giving defendant's second instruction. *First.* Granting that it is a mere abstract proposition of law, it could have in no way worked prejudice to plaintiff's case. *Dodds v. Estill*, 32 Mo. App. 41; *Forpey v. Independence*, 24 Mo. App. 288; *Frizille v. Paint Co.*, 24 Mo. App. 529; *Morris v. Railroad*, 74 Mo. 367; *Bradford v. Floyd*, 80 Mo. 207; *Carson v. McCormick Co.*, 36 Mo. App. 461. *Second.* It is an entire misconception on appellant's part that this "mere abstraction" assumes any fact, disputed or undisputed. *Third.* The abstract propositions of law therein contained are correctly declared. Hutchison on Carriers, sec. 114; Hutchison on Carriers, sec. 292, and cases cited; Rorer on Railways,

p. 1220, par. 1; *Faulkner v. Railroad*, 51 Mo. 311. (2) There was no error in giving the defendant's eighth instruction. (3) There was no error in giving defendant' instruction, numbered 12. Because plaintiff was unable to load cars delivered to him after four o'clock, owing to the working hours of his miners, did not obligate the defendant to deliver them before that hour. Such a ruling would be absurd. (4) Defendant's instruction, numbered 12, does not assume any disputed facts. Besides, where an erroneous instruction is given for the appellee, but the same error is contained in instructions given at the request of the appellant, the judgment will not be disturbed. *Garesche v. College*, 76 Mo. 332; *Smith v. Culligan*, 74 Mo. 387; *Crutchfield v. Railroad*, 64 Mo. 255; *State ex rel. v. Nauert*, 6 Mo. App. 594. (5) There was no error in rejecting that part of defendant's report to the railroad commissioners showing the amount earned by defendant per freight train mile for 1886 and 1888. (6) The jury was not bound to find a verdict for plaintiff on the fourth and fifth counts, covering the twenty-sixth and twenty-seventh days of November. Granting that no cars were delivered to the mines on those days, yet the evidence of Noel shows, that on the twenty-seventh of November four cars of coal were hauled away from the Machine mine and four from the Tarlton mine. This is not denied, and proves conclusively that plaintiff had these cars standing empty at his mines several days before he used them on the twenty-seventh. But this court will not review the evidence, nor set aside the verdict of the jury even if it seemed to be against the weight of the evidence. *St. Louis v. Lanigan*, 97 Mo. 175; *State v. Lowe*, 93 Mo. 547; *Caruth v. Richeson*, 96 Mo. 186.

BLACK, J.—The petition in this case contains thirty-eight counts. The substantial averments of the first are that plaintiff gave defendant due notice that he would need and require four coal cars at his coal mine on the nineteenth of November, 1886; that defendant furnished one car, but failed and neglected to furnish the other three; by reason of all which he is damaged in the sum of $47.50. The other counts are of a like character, and are all founded upon a failure of defendant to furnish cars on different days from November 20, 1886, to January 25, 1887, for the transportation of coal from Lexington to Kansas City.

After a general denial, the answer avers in substance, that defendant had its road fully equipped with cars to do all the business ordinarily transacted thereon; that if the plaintiff did not receive all the cars which he ordered the failure to furnish them was due to these facts: *First*, an unusual and extraordinary demand for coal cars; *second*, an extraordinary and unusual drought which prevailed along the road, and by reason of which the defendant could not obtain water, and was compelled to use a great number of coal cars to haul water to supply the engines; *third*, a long and severe spell of cold weather, by reason of which the transportation of freight was greatly retarded.

The plaintiff's evidence tended to prove all the averments of the petition. The evidence for the defendant shows that it furnished the plaintiff two hundred and sixty-five cars during the dates covered by the petition, but this evidence also shows that defendant did not furnish the plaintiff all the cars which he called for and demanded. The defendant's evidence also tends to establish all of the affirmative defenses set up in the answer.

The court, at the request of the defendant, gave to the jury the following instructions: "2. The jury are.

instructed that the law governing this case is that the defendant, as a common carrier of freight, is only obliged to provide cars sufficient to haul such freight as would ordinarily be tendered it for transportation. It is not bound to anticipate an unusual increased demand for cars at any particular portion of the year, or to keep on hand cars beyond its ordinary requirements to anticipate any sudden and temporary use."

"7. The court instructs the jury that if they believe from the evidence in this case that the increase in the volume of business and the extremely dry and cold weather, and the great scarcity of water, rendered it impracticable for defendant to furnish all the cars called for during the period of time sued for in this case, and that defendant did distribute the cars it could and did furnish amongst those who wanted them, in as fair and equitable proportion as was reasonably practicable, and that plaintiff did get a fair and reasonable number of such cars for the shipment of his coal during said time, he has no good cause of action against defendant, and the jury must find for the defendant on each and all the counts in the amended petition filed in this case.

"8. The court instructs the jury that the liability of the defendant as a common carrier for failure to furnish cars when demanded by one who desires to have property transported is not absolute and unlimited like the liability for the prompt carriage and safe delivery of property after it passes into the possession and under the absolute dominion of the carrier; but that the liability for a failure to furnish cars when demanded depends upon the reasonableness of such demand and of the notice thereof, upon the practicability or impracticability of furnishing the number of cars so demanded at the times and places required, as well as upon the ability of the carrier to furnish the same with-

out discriminating against others requiring cars; and, that if all or either of such facts and circumstances are shown to have existed at the times when the plaintiff in this case demanded the cars in question then they or either of them constituted a reasonable excuse for the failure to furnish all the cars called for by the plaintiff, and he is not entitled to recover on either count in his amended petition in this case."

"11.   Although the jury may believe from the evidence in the case that the defendant had a sufficient number of coal cars in its possession and under its control between the nineteenth day of November, 1886, and twenty-sixth day of January, 1887, inclusive, to have given plaintiff all the cars he demanded; yet, if the jury shall further find from the evidence that the defendant's motive power was so crippled and impoverished by a severe drought covering said period, making a great scarcity of water, or by the extreme cold weather covering said period, making the freight offered for shipment unusually difficult of shipment, or an unusual and unexpected amount of freight offered for shipment, and that owing to the existence of either one or all of the said causes the defendant could not furnish the plaintiff a greater number of cars than it did furnish, without doing injustice to and discriminating against other shippers at Lexington, Missouri, and other shipping stations along the defendant's railroads, then the plaintiff is not entitled to recover, and your verdict must be for the defendant on each count in plaintiff's petition."

On these and other instructions, the jury found a verdict for defendant on all of the counts, and the plaintiff appealed from a judgment rendered thereon.

1.   To an understanding of the various objections made to the defendant's instructions, it should be stated here that the first instruction, given at the request of

the plaintiff, points out distinctly the issues made
on the petition, and then the issues tendered by
the answer. The second states, hypothetically, facts
which, if found to be true, lead to a verdict for plain-
tiff, "unless the jury shall believe, from the evidence,
that the failure to furnish such cars was caused by an
unusual influx of business, or by an unusual drought
which prevailed over the territory through which the
defendant's line ran, or an unusual and unprecedented
spell of cold weather, and unless one or all of these
causes combined to prevent defendant furnishing the
said cars." This instruction, it will be seen, points
out in clear terms the defense and only affirmative
defense available to the defendant.

The objection made to the defendant's second and
eighth instructions is that they are mere abstract prop-
ositions of law, not applicable to the case made by the
pleadings and evidence. While the second instruction
states the law in an abstract form, still it states it
correctly. There is no claim made that it does not
correctly state the law, and the law, as stated, is appli-
cable to the case. This instruction is followed immedi-
ately by the one numbered 7, which recites the facts and
gives application to the law as it is stated in the second,
so that the objection to the second instruction is
clearly not well taken.

2. The eighth instruction begins with an abstract
assertion which has no application to the case in hand,
for it was not necessary to give the jury any instruc-
tions as to the law in cases where the carrier fails to
make prompt delivery of goods intrusted to it for
carriage. This matter is, however, introduced for the
purpose of pointing out a well-known distinction
between a failure to properly deliver property received
for transportation and a failure to furnish cars when

demanded.   This could not have prejudiced the plaintiff in the least.

The remaining portion of the instruction is far more objectionable.   It, in effect, tells the jury that the liability of the defendant for a failure to furnish the cars depends upon the reasonableness of the notice and demand therefor, upon the practicability of furnishing the number of cars demanded, and upon the ability of the carrier to furnish the same without discriminating against other shippers; and, if any or all of these facts are shown, they, or either of them, constitute an excuse, and the plaintiff cannot recover.

This instruction, taken by itself, by force of the last clause and the generality of the preceding expressions, opens up the entire field of casualties regardless of the issues made by the pleadings.   Thus it seems to predicate a finding upon "the practicability or impracticability of furnishing the number of cars."   Again, it does not say that, if the demand or notice for cars was unreasonable,   then the   plaintiff could not recover, though that is doubtless what was intended.   It is a loose, rambling instruction and ought not to have been given.   The only question is whether it constitutes reversible error.   We are disposed to say it does not, and for these reasons.   The instructions given at the request of the plaintiff also point out and define the issues.   They state the facts, and only facts, which will constitute an   affirmative defense.   In the next place these exact grounds of defense are again stated in an unobjectionable form in the eleventh instruction, given at the request of the defendant, which follows the eighth in the series as given.   We think the general expressions found in the eighth have reference to and are qualified and explained by the specific statement of the issues in the plaintiff's instructions and again stated in the eleventh, given at the request of

the defendant. Though this instruction, taken by itself, is erroneous, still when taken in connection with the other instructions it is quite clear that it did not mislead the jury; and, this being the case, the error is not such as to call for a reversal of the judgment. *Bradford v. Floyd,* 80 Mo. 207.

3.   The evidence shows that cars ordered for a particular day were often placed on the mine track for plaintiff after four o'clock in the afternoon; that the miners quit work at that hour, so that the cars could not be loaded that day. The defendant's twelfth instruction states, in effect, that the defendant was not required to furnish a car at any particular hour of the day and that a delivery at any hour of the day would be a delivery on such day.   Surely an order for a car or cars for some specific day did not require the defendant to have the car, or cars, ready at any particular hour.   If the plaintiff wanted the cars for use at an earlier hour he should have so indicated in his demand.

The further point is made that this instruction should not have been given because of a custom to deliver the cars at an earlier hour.   The only evidence on this subject to which our attention is called is that of McKee, the defendant's yardmaster at Lexington. He stated on cross-examination that the cars placed on the track for plaintiff on the thirteenth of January were placed there after four o'clock; that he placed them there pursuant to orders from his superior; that he received many such orders, and thought they were not doing right by the miners; and that he made a memorandum to show the hour to exonerate himself. We do not think this evidence sufficient to establish the alleged custom.   Again, this evidence does not appear to have been elicited for any such a purpose, and no instructions were asked by plaintiff on that subject.

The question of a custom as to the time of the delivery of the cars is evidently raised here for the first time, and for this further reason should not be considered here.

Nor is this twelfth instruction in conflict with the fourteenth given at the request of the defendant, which states in substance that defendant had the right to furnish and supply cars the day before the day or days specified, so as to have them ready for the day or days for which demanded. We see no inconsistency in these instructions.

4. The defendant's thirteenth instruction again directs a verdict for the defendant, if the failure to furnish the cars "was due to a long continued, unusual and unexpected drought, or an unusual, continued and severe cold spell of weather which then prevailed in the section of country through which the defendant's railroad ran." It is a valid objection to an instruction that it assumes the existence of a controverted fact. If this instruction stood by itself it might possibly be said that it assumes the existence of "an unusual, continued and severe cold spell of weather;" but taken in connection with the other instructions there is no valid foundation for such a claim.

5. The evidence of Mr. McKee is that no work was done in this freight department of the road on the twenty-sixth and twenty-seventh days of November, 1886; that work was suspended on those days because of the death of Mr. Hoxie, the general superintendent. It is here claimed that there should have been a judgment on the fourth and fifth counts, because of cars not furnished on those days. The question whether the plaintiff should have had judgment on these counts for any such special reason is not raised by this record; for the plaintiff's instructions are all general, that is to

say, they apply to all the counts, and no instructions were asked applying to these two counts.

6. The further complaint is that the court erred in rejecting the evidence offered by plaintiff to show the amount earned by defendant "per freight mile, for the years 1886 and 1887." The plaintiff offered in rebuttal a certified copy of the annual reports made by the defendant to the board of railroad commissioners, for the years 1885, 1886, 1887 and 1888. The court admitted those portions which show the "expenses per freight train mile on main and branch lines" and the "monthly earnings," but excluded the other portions. It does not appear that plaintiff indicated a desire to offer in evidence any other portions of the reports. These reports cover some ninety-odd pages and contain a vast amount of matter which can have no possible bearing upon the issues in this case. It devolved upon the plaintiff to point out the parts relevant to the issues, which he desired to read to the jury. Not having done this, he has no just ground of complaint. It is possible these reports were properly excluded for other reasons, but the one just assigned is sufficient.

There was an abundance of evidence to support all the matters of the defense set up in the answer, and we see no reversible error in the instructions or rulings upon the evidence. The verdict must, therefore, stand and the judgment is affirmed. BARCLAY, J., absent. The other judges concur.