ESTHER E. KNOX, Plaintiff-Appellant, v. DELBERT WEATHERS, Defendant-Respondent, No. 43033—257 S. W. (2d) 912.

Division Two, May 11, 1953.

*Orville Winchell* for appellant; *Orville Richardson* of counsel.

1170

*J. W. Grossenheider* for respondent.

BARRETT, C.—In this action for damages for personal injuries, by a guest in an automobile against her host, a jury has returned a verdict for the defendant and the plaintiff appeals. The sole question upon the appeal is whether the trial court so prejudicially erred in instructing the jury that the plaintiff is entitled to a new trial.

On June 8, 1951, the appellant, Esther Knox, was the guest of her friend, Mernie Weathers, on a trip to Fort Leonard Wood. On the return trip to Lebanon, on U. S. Highway 66, the respondent, Sergeant Delbert Weathers, was driving his 1950 Chevrolet automobile. His wife, Mernie, sat in the front seat next to him and Esther Knox sat to the right of Mrs. Weathers, holding the Weathers' baby in her lap. As they left Fort Leonard Wood there was a high wind and a severe rainstorm and traffic was heavy. By 6:20 the storm had subsided but it was raining and visibility was poor. Approximately five miles west of Waynesville, near Buckhorn, they were traveling in a line of traffic following a large Coca-Cola truck, driven by Harry [914] Nickerson. There were three passenger cars ahead of the Coca-Cola truck. The cars and the truck came over a hill and were proceeding along a level stretch of road that made a gradual turn to the left. Sergeant Weathers had followed the Coca-Cola truck for a mile and a half at speeds varying from fifteen to thirty miles an hour, maintaining a distance between his car and the truck of one and a half to two car lengths. As the line of traffic proceeded across the level stretch of concrete highway a panel truck pulled onto the highway ahead of the automobiles and after traveling a distance of about five hundred feet stopped before turning left across the highway. The passenger cars stopped on the pavement back of the panel truck and the Coca-Cola truck stopped. Sergeant Weathers immediately applied the brakes on his Chevrolet and swerved to the right, but the left front part of his automobile struck the right rear corner of the truck and Mrs. Knox was thrown forward into the windshield.

To recover damages for her resulting injuries, Mrs. Knox instituted this action against Sergeant Weathers. Her right to recover and his liability were hypothesized upon a finding ''that the motor vehicle immediately ahead of the defendant's car came to a stop on said highway after having given a signal of its intention to stop * * * and that he (the defendant) *negligently and carelessly failed to keep a look-out ahead* for persons and property on said highway and by reason of the carelessness and negligence of the defendant, if any, his car was caused ᵗto collide with the vehicle immediately ahead of the defendant's car and as a direct and proximate result thereof the plaintiff was injured thereby; or, if you find and believe from the evidence the defendant was driving his car and that *he negligently and carelessly failed to keep a proper distance behind the car ahead*

*of him,* * * *." It may be interpolated here that there was evidence in support of the plaintiff's hypothesized acts of negligence, but, as we have said, the jury returned a verdict in favor of the defendant and there was evidence to support his version of the occurrence.

■■■. Among other instructions, the court instructed the jury upon the subject of contributory negligence. The instruction is as follows:

"The court instructs the jury that Mrs. Knox was required to exercise that degree of care that an ordinary prudent person under the same or similar circumstances would exercise for her own safety and could not intrust herself absolutely to the driver of the vehicle in which she was riding. The court further instructs the jury that if you find and believe from the evidence that the defendant Sgt. Weathers was negligent as described in the other instructions, if you so find, and if you further find that the plaintiff Mrs. Knox at the time and place of the collision mentioned in the evidence had an adequate opportunity to influence the situation for safety by requesting defendant to keep a greater distance between his automobile and the vehicle ahead of him and by requesting defendant to keep a close lookout for property and persons on the highway; and if you find that Mrs. Knox failed to so act to influence the situation for safety and that her failure to so act was negligence which contributed to her injuries mentioned in the evidence, if you so find, you must find the issues for the defendant and against the plaintiff Esther Knox on Count I of plaintiff's petition."

There were no other instructions upon this subject, and so there is no claim of conflict in the instructions. It is claimed, however, that the instruction "has several serious faults," is erroneous "in detail and in general" and was prejudicial.

It is pointed out that the instruction does not employ the word "directly" preceding the word "contributed," or the phrase "to cause" following the word, in the clause "and that her failure to so act was negligence which contributed to her injuries." The function of the word "directly," or of similar words, in an instruction on contributory negligence is to exclude remote negligence as a contributing factor and to require a finding of causal [915] connection between the plaintiff's negligence and her injury. Roeslein v. Chicago & E. I. R. Co., (Mo.) 214 S. W. (2) 13, 18. The appellant concedes that if the instruction meets that requirement it is not necessary to use the word "directly," provided the jury is given to understand that the negligence submitted "contributed" to or proximately caused the plaintiff's injuries. White v. United Railways Co., 250 Mo. 476, 157 S. W. 593. Nevertheless the appellant urges, since the instruction did not use either the word "directly" or the phrase "to cause," that the question of proximate cause was not "clearly" submitted, an error of omission and misdirection. But the test is whether the

facts specifically hypothesized "from their nature, not only constituted negligence, but which, if found, also contributed to cause plaintiff's injury. " Roeslein v. Chicago & E. I. R. Co., supra; Christman v. Reichholdt, (Mo. App.) 150 S. W. (2) 527; Barr v. Missouri Pac. R. Co., (Mo.) 37 S. W. (2) 927; Terrell v. McKnight, 360 Mo. 19, 26, 226 S. W. (2) 714. Or, as was said in Carr v. City of St. Joseph, (Mo.) 225 S. W. 922, 923, "If an instruction on contributory negligence requires the finding of negligent acts which, in the nature of things, necessarily contributed directly to cause the injury and necessarily formed a part of the efficient cause thereof, then the instruction cannot be held erroneous because it does not require the jury to draw the inference which the law itself draws therefrom." If the instruction meets the test of so submitting the facts relied upon and they constitute negligence it is not prejudicially erroneous, and the appellant does not claim that the instruction is erroneous or improper in this respect as was the fact in Stumpf v. Panhandle Eastern Pipeline Co., 354 Mo. 208, 189 S. W. (2) 223. In that case "the facts of the case do not compel the inference that the plaintiff's negligent failure to observe, hypothesized in the instructions, was a direct, producing or efficient cause of the casualty, and the question should have been left to the jury."

█ As we have just pointed out, it is not claimed that the facts hypothesized in the instruction, if found, do not constitute negligence directly contributing to cause the plaintiff's injuries, but it is insisted that the instruction is not supported or warranted by the evidence. In her brief the appellant admits "that the plaintiff testified that the defendant for some little period before the collision had been driving, as she said, 'too closely' to the automobile truck ahead of him," and, in addition, she did not say or do anything about it. To sustain her argument that the instruction did not have evidentiary support the appellant says, "On the other hand, there was no evidence that the defendant failed to keep a lookout ahead of him *until just before the impact of the collision*. It was *then* and *for the first time* that, according to the plaintiff, he took his eyes from the road and reached across his wife to grasp the baby's foot. *The impact followed almost immediately thereafter*." Therefore, it is urged that the plaintiff had no opportunity to warn and there was no evidence that she did or that a warning at that late date would have avoided the casualty. However, the plaintiff did not protest or warn and, as she admits, she had observed for some time that he had been driving "too closely" to the vehicle ahead of him. It is not claimed that there was no evidence to support this specification of contributory negligence. The specifications were conjunctively submitted (Corley v. Kroger Grocery & Baking Co., 355 Mo. 4, 193 S. W. (2) 897, 900) and the rule applicable to plaintiff's instructions should also apply to a defendant's instruction. Lindquist v. Kansas City Pub. Serv.

Co., 350 Mo. 905, 913-914, 169 S. W. (2) 366, 370-371. No one can say whether her warning him as to a lookout immediately prior to the collision would have avoided the casualty because, as she admits, we do not have the circumstance of its having been given. As to her duty, "When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to conduct or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which [916] will bar recovery." Kaley v. Huntley, 333 Mo. 771, 778, 63 S. W. (2) 21, 24. Whether a guest has the adequate opportunity depends upon the facts and circumstances. Hoelzel v. Chicago, R. I. & P. Ry. Co., 337 Mo. 61, 85 S. W. (2) 126. In this connection the correlative, or reciprocal, nature of the acts relied upon as establishing the defendant's liability and likewise the plaintiff's contributory negligence should be noted. In Barr v. Missouri Pac. R. Co., supra, the court said, "Plaintiff's theory of recovery in this case is that he stepped on stones, rock, and debris negligently placed on the street by defendant, and was injured. The instruction under consideration simply told the jury that, if plaintiff, by the exercise of ordinary care, could have avoided stepping thereon, then plaintiff is not entitled to recover. The instruction requires the jury to find plaintiff guilty of acts or omissions that must as a matter of necessity have directly contributed to the injury. That is sufficient." The plaintiff's duty was not declared as a matter of law and there was no imputation to her of the driver's negligence and the instruction is not erroneous for that reason. Boland v. St. L.-S. F. Ry. Co., (Mo.) 284 S. W. 141; Reed v. Coleman, (Mo. App.) 167 S. W. (2) 125; Smith v. St. L.-S. F. Ry. Co., 321 Mo. 105, 9 S. W. (2) 939. In any event, there was evidence in support of the hypothesis and the instruction was not prejudicially erroneous as the following cases indicate. Lewis v. Kansas City Pub. Serv. Co., (Mo. App.) 17 S. W. (2) 359; Sorrell v. Payne, (Mo. App.) 247 S. W. 462; Carlton v. Stanek, 225 Mo. App. 646, 38 S. W. (2) 506; Corn v. K. C., C. C. & St. J. Ry. Co., (Mo. App.) 228 S. W. 78; Rawie v. C., B. & Q. R. Co., 310 Mo. 72, 274 S. W. 1031.

■ What we have just said may be sufficient to dispose of the appellant's additional claim that the instruction as a whole is confusing and misleading, submits an abstraction which gave the jury a "roving commission" to find negligence wherever "unguided speculation" might lead, and declares, by using the word "close" in connection with lookout, as a matter of law "the type of lookout" the plaintiff was required to request the defendant to keep. Upon this phase of her argument the appellant seizes upon isolated words and phrases in the instruction, apart from their context, and thus ignores the rule that the instruction must be construed as a whole. Burgher

v. Niedorp, (Mo. App.) 50 S. W. (2) 174, 175. The first sentence in the instruction abstractly states the plaintiff's duty, but that sentence is followed by the hypothesization of the facts, so it does not cryptically submit a "simple abstraction" as was true in Swain·v. Anders, 349 Mo. 963, 163 S. W. (2) 1045 and of the sole cause instructions in Carson v. Evans, 351 Mo. 376, 173 S. W. (2) 30, and Copeland v. Terminal R. R. Assn., 353 Mo. 433, 182 S. W. (2d) 600. In this connection the sole cause cases and the cases involving the humanitarian doctrine are not applicable to this case and particularly to the arguments advanced here. For example, Reiling v. Russell, 348 Mo. 279, 153 S. W. (2) 6; Weis v. Melvin, (Mo.) 219 S. W. (2) 310 and Melber v. Yourtee, (Mo.) 203 S. W. (2) 727. When the instruction is construed as a whole it requires the jury to find specific facts, does not declare as a matter of law that those facts constitute negligence, and is not misleading or confusing. Roeslein v. Chicago & E. I. R. Co., supra; Hoelzel v. C., R. I. & P. Ry. Co., supra; Rawie v. C., B. & Q. R. Co., supra. The instruction is not a model but there is no demonstration here that the giving of it was so prejudicial that the plaintiff is entitled to a new trial. V.A.M.S., Sec. 512.160(2); Jarboe v. Kansas City Pub. Serv. Co., 359 Mo. 8, 16, 220 S. W. (2) 27, 32; Took v. Wells, 331 Mo. 249, 53 S. W. (2) 389; Cooper v. 804 Grand Building Corp., (Mo.) 257 S. W. (2) 649.

■ Instruction number five is a converse instruction, consisting of one sentence:

> "The court instructs the jury that if you find and believe from the evidence that the defendant Sgt. Weathers at the time and place of the collision mentioned in the evidence, exercised the highest degree of care in the operation of his vehicle so as not to endanger the life and limbs of the plaintiff, [917] Esther Knox, in that he kept a safe distance between his car and that truck ahead of him and kept his eyes on the road ahead and his hands on the wheel of his car, then you must find the issues for the defendant and against the plaintiff, Esther Knox, on Count I of plaintiff's petition."

It is urged that by use of the word "operation" the instruction confined the defendant's duty to the "mechanical direction" of his automobile and this removed from the jury's consideration any negligence in his failure to keep a lookout. It is said, because the instruction does not conclude with the words "if you so find," or similar language, that the instruction assumes that the defendant kept a safe distance behind the car ahead of him and kept his hands on the wheel and his eyes on the road. It is also insisted that the instruction is erroneous in that it required the defendant to keep a lookout ahead, whereas he was also under a duty to keep a lookout laterally.

As a general rule, it is the duty of the driver of an automobile to keep a lookout laterally as well as ahead (Weis v. Melvin, (Mo.)

219 S. W. (2) 310) but the question here is whether this instruction is prejudicially erroneous in omitting this requirement. This is a converse instruction and it employs the precise language and duty imposed by the instruction submitting the defendant's liability, "negligently and carelessly *failed to keep a look-out ahead* for persons and property * * *." Carson v. Evans, 351 Mo. 376, 381, 173 S. W. (2) 30, 33. Aside from the fact that the plaintiff by her own submission is in no position to complain of the omission (Monroe v. Chicago & A. R. Co., 280 Mo. 483, 489, 219 S. W. 68), there was no issue in this case requiring a finding of keeping or a failure to keep a lookout laterally as well as ahead as there was in Weis v. Melvin, supra, submitted under the humanitarian doctrine. Instruction five does not use the word "lookout," but it says "and kept his eyes on the road ahead," which is certainly the equivalent of keeping a lookout ahead. Thus the submission of "operation" includes both the issues involved in this case, keeping a safe distance from the vehicle ahead and maintaining a lookout. It did not unduly emphasize either of these issues as the instruction in the humanitarian submission of Shields v. Keller, 348 Mo. 326, 153 S. W. (2) 60, did, or improperly limit the zone of peril. As to the use of the phrase "if you so find," the appellant concedes "that there have been several cases in which instructions somewhat similar to this have been approved and in which the form of submission is that which the defendant has adopted in this and in his other instructions." The instruction consists of a single, rather simple sentence, it begins with "if you find and believe from the evidence," and then sets forth the two facts conversely which the jury is to find and, as conceded, the instruction is not prejudicially erroneous in this respect. Bloch v. Kinder, 338 Mo. 1099, 1104-1105, 93 S. W. (2) 932, 934; Lewis v. Illinois Cent. R. Co., (Mo.) 50 S. W. (2) 122.

Instruction six is upon the subject of sole cause, it hypothesizes a finding that Sergeant Weathers was not negligent as defined in other instructions and that Mrs. Knox was injured "solely by the negligence of the driver of the panel truck mentioned in the evidence in bringing his panel truck to a sudden stop in front of the line of traffic * * * without any signal to the vehicles following him of his intention to stop, if you find that these were the facts and that this was negligence on the part of the driver of the panel truck which was the sole cause of the collision and the injuries of which Mrs. Knox complains," as a basis for the jury's returning a verdict for the defendant. It is urged that this instruction is not supported by evidence in two particulars; that there was no evidence that the panel truck's stop was "sudden," and there was no evidence that the panel truck "failed to give a proper signal by stoplights of its intention to make a stop." In this connection it is urged that the instruction requires a signal from the panel truck to vehicles," while, under the

law, that driver was only bound to signal the automobile immediately following, in [918] which case a mere signal by stoplight was all that was required and was sufficient. V.A.M.S., Secs. 304.020(8) (11). This instruction, like instruction five, did not conclude with the words "if you so find," and therefore it is argued that it assumes the existence of the hypothesized facts. Finally, it is said that while the instruction submitted certain conduct on the part of the driver of the panel truck as the sole cause of the collision, it did not hypothesize any facts "to negative the essential elements of defendant's duty as submitted in the plaintiff's verdict directing instruction, so as to demonstrate that the negligence of the defendant was not a concurring cause of the collision."

In connection with the appellant's latter point, it is again important to point out that this case was submitted upon two specific assignments of primary negligence, failure to keep a lookout and driving too close to the vehicle ahead, and did not involve sole cause in a case submitted under the humanitarian doctrine as was the fact in Shields v. Keller, supra; Hopkins v. Highland Dairy Farms Co., 348 Mo. 1158, 159 S. W. (2) 254 and Steffen v. Ritter, (Mo.) 214 S. W. (2) 28. In addition, this instruction began by telling the jury "that if you find and believe from the evidence that the defendant, Sgt. Weathers, was not negligent as defined in the other instructions," and that is sufficient even in a guest case submitted on primary negligence. Engleman v. Railway Express Agency, 340 Mo. 360, 100 S. W. (2) 540; Steffen v. Ritter, supra; Rembusch v. Prebe, 358 Mo. 409, 215 S. W. (2) 433, 435; Janssens v. Thompson, 360 Mo. 351, 228 S. W. (2) 743.

The defendant's Chevrolet was the fourth or fifth vehicle in a line of traffic. It was following the Coca-Cola truck, and the helper on the Coca-Cola truck testified that a car following it could not see around or over the truck. In describing the movements and signals of the panel truck the driver of the Coca-Cola truck said, "There was a panel job that pulled in front of me * * * that went down the highway about 500 feet *and came to a dead stop* with no reason as far as I am concerned whatever. * * * *It came to a dead stop.* * * * *There was no hand signal* that I knew of *and I couldn't have possibly seen his tail lights, there was cars in front of me.*" The helper on the truck said, "He stopped *dead still* in the righthand lane coming this way, and *then he made a lefthand turn with no signals that he was stopping or no signals that he was going to turn.*" From the testimony that the panel truck came to a "dead stop" on the pavement without signaling, or by signals which no one could see, it is certainly a fair inference that the panel truck's stop was "sudden." It is not necessary to say whether there was a duty on the driver of the panel truck to signal the fifth car in a line of traffic. Benson v. Hoenig, (Minn.) 37 N. W. (2) 422. The test of the sufficiency

of a warning is whether it is "timely," and the form and character of the signal, whether by arm or by lights, depends upon the circumstances under which it is given,—it is enough to say that the forward driver has not in all circumstances discharged the full measure of his duty to give a reasonably adequate or timely warning when he uses his brake signals. Matthews v. Mound City Cab Co., (Mo. App.) 205 S. W. (2) 243, 247; Ritz v. Cousins Lumber Co., 227 Mo. App. 1167, 59 S. W. (2) 1072; Setzer v. Ulrich, (Mo. App.) 90 S. W. (2) 154. There was evidence to support the submission and the facts were not assumed or submitted abstractly. Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2) 366; Bowman v. Moore, 237 Mo. App. 1163, 167 S. W. (2) 675.

As previously indicated, there was not such error, materially affecting the merits of this action (V.A.M.S., Sec. 512.160), in the giving of any of these instructions that it can be said to be prejudicial and that the plaintiff is entitled to a new trial. Nichols v. Bresnahan, 357 Mo. 1126, 1132, 212 S. W. (2) 570, 574; Petty v. Kansas City Pub. Serv. Co., 355 Mo. 824, 834, 198 S. W. (2) 684, 688. Accordingly, the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

 PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.