William E. PATTON, Appellant,

v.

Raymond HANSON and Charles J. Buche, Respondents.

No. 44528.

Supreme Court of Missouri.

Division No. 2.

Feb. 13, 1956.

830

Flynn & Challis, St. Louis, Roberts P. Elam, St. Louis, of counsel, for appellant.

George F. Heege, Clayton, John H. Martin, St. Louis, of counsel, for respondents.

BARRETT, Commissioner.

In this action for $15,000 damages for personal injuries, sustained in a collision of automobiles, the jury returned a verdict for the defendants and the plaintiff has appealed. The trial court overruled the plaintiff's motion for a new trial and the sole question involved upon the appeal is whether instruction three, given at the re-quest of the defendants, was so prejudicially erroneous in a matter materially affecting the merits of the action as to compel the granting of a new trial by this court. V.A.M.S. § 512.160.

The automobile collision occurred about two miles south of St. Charles Rock Road on that part of U. S. Highway 66 by-pass known as Lindbergh Boulevard. It was cloudy and the pavement was damp following a rain, and the time of the collision was between 11:30 and 12 o'clock p. m. on April 13, 1952. There were but two instructions on behalf of the plaintiff, an instruction on the measure of damages and an instruction submitting the liability of the defendants upon the hypothesis that they "did negligently and carelessly cause, allow and permit said automobile to run into, strike and collide with the rear end of the plaintiff's said automobile * * *." On behalf of the defendants there were two cautionary instructions and instruction three upon the subject of the plaintiff's contributory negligence. That instruction is as follows:

"The Court instructs the jury that if you find and believe from the evidence that on the 13th day of April, 1952, Lindbergh Boulevard was an open and public highway running northwardly and southwardly in the County of St. Louis, and that at a point about two miles south of the intersection of said Lindbergh Boulevard and St. Charles Rock Road there was a collision between the automobile of plaintiff and the automobile of defendant Hanson operated by the defendant Buche, if you so find, and if you further find and believe from the evidence that immediately prior to said collision the defendant Buche was operating the automobile of the defendant Hanson southwardly on said Lindbergh Boulevard, and if you further find and believe from the evidence that at said place aforesaid the plaintiff drove and operated his automobile from the east side of the said Lindbergh Boulevard across the center line into the path of the automobile of de-

fendant Hanson so driven by the defendant Buche as aforesaid, and if you further find and believe from the evidence that at said time the plaintiff failed, if you so find, to watch or observe where he was driving his said automobile, and if you further find and believe from the evidence that said failure was negligence, and if you further find such negligence directly contributed to cause plaintiff's injuries then the Court instructs you the plaintiff is not entitled to recover and your verdict must be for the defendants."

In substantiation of his contention that the instruction was prejudicially erroneous the plaintiff first excerpts from the instruction this language: "and if you further find and believe from the evidence that at said time the plaintiff failed, if you so find, to watch or observe where he was driving his said automobile, and if you further find and believe from the evidence that said failure was negligence." The excerpt is emphasized and it is said that this part of the instruction was given "upon the theory that it predicated contributory negligence of the plaintiff upon the theory that plaintiff failed to keep a lookout ahead and laterally so as to discover the defendants' automobile approaching from plaintiff's right as he entered, crossed and turned left to proceed southwardly on Lindbergh Boulevard." It is then argued that under the indisputable evidence failure to keep a lookout ahead could not have been a proximate cause of "the casualty," and, consequently, there was no evidentiary basis for the instruction. It is then said and urged that the instruction erroneously omitted a submission of the plaintiff's failure to keep a lookout *laterally*. It is argued, if the instruction is interpreted as including failure to keep a lookout laterally, that it is ambiguous, confusing, misleading, and· a roving commission, and therefore prejudicially erroneous.

In part the argument is facti-. tious. It will be noted that the plaintiff has excerpted from the instruction and emphasized the clause "and if you further find and believe from the evidence that at said time and place the plaintiff failed * * * to watch or observe where he was driving his said automobile, and * * * that said failure was negligence" and contributed to cause the plaintiff's injuries. So, the instruction obviously does not in specific terms submit either failure to keep a lookout ahead or laterally, it submits that the plaintiff "failed to watch or observe where he was driving his said automobile." The excerpted language is not in the precise, technical, legal terminology usually employed in instructions submitting failure to keep a proper lookout and precisely similar language has not been found in an instruction. No point was made of the fact but one of the submissions in Szuch v. Ni Sun Lines, Inc., 332 Mo. 469, 58 S.W.2d 471, 472, was "failing to pay attention where he was driving". As has been pointed out, failure to keep a lookout ahead and laterally may constitute failure to drive in a careful and prudent manner or a failure to exercise the highest degree of care but the duty in that respect is not one of the specifically enumerated statutory rules of the road. V.A.M.S. §§ 304.010, 304.020; Watson v. Long, Mo.App., 221 S.W.2d 967, 970; Nelson v. Evans, 338 Mo. 991, 93 S.W.2d 691. Fortunately, there is no formula for the submission of one's breach of duty in this respect and any language reasonably and plainly understood as meaning and submitting failure to keep a proper lookout in the circumstances is sufficient, as "kept his eyes on the road ahead" is the equivalent of keeping a lookout ahead and laterally. Knox v. Weathers, 363 Mo. 1167, 1175–1176, 257 S.W.2d 912, 916–917; Riley v. Young, Mo.App., 218 S.W.2d 805. This, however, is not determinative of this particular case but if, as the plaintiff claims, the language was intended as a submission of failure to maintain a proper lookout, it reasonably included "a lookout laterally" as well as ahead.

But, as pointed out, the argument and assumption that the instruction submitted

failure to maintain a proper or observant lookout as the only act of contributory negligence on the part of the plaintiff is based upon the excerpted quotation. Reading the instruction as a whole, however, and the quoted clause in its context, Sauer v. Winkler, Mo., 263 S.W.2d 370, 374, the submission of contributory negligence was "and if you further find and believe from the evidence that at said place aforesaid the plaintiff drove and operated his automobile from the east side of the said Lindbergh Boulevard across the center line into the path of the automobile of the defendant * * * *and* if you further find and believe from the evidence that at said time the plaintiff failed * * * to watch or observe where he was driving his said automobile * * *." Now, what were the essential background facts and circumstances of the collision, this action and this instruction? At the point of the collision Lindbergh Boulevard is a four-lane north and south highway. On the east side of the highway is the Four Star Auto Court. The defendants, Hanson and Buche, were traveling south in the outer lane towards St. Louis at a speed of approximately forty-five miles an hour. The plaintiff, Patton, had stopped at the Four Star Auto Court on the east side of the highway. He intended to drive south towards St. Louis and so it was necessary for him to drive across the four-lane pavement and enter the line of traffic headed south. In his brief the plaintiff neatly states the fact in this language: "that plaintiff failed to keep a lookout ahead and laterally so as to discover the defendants' automobile approaching from plaintiff's right *as he* (the plaintiff) *entered, crossed and turned left to proceed southwardly on Lindbergh Boulevard*." The plaintiff claimed and submitted that he was operating his automobile "in a southwardly direction" and that the defendants "did negligently and carelessly cause, allow and permit said automobile to run into, strike and collide with the rear end of the plaintiff's said automobile * * *." He claimed that before he entered the highway he could see four hundred feet to the north, he looked in both directions, saw no vehicles and proceeded "off on maybe a five to ten degree angle," looked again as he was in the center of the pavement, turned south in the "curb lane" and had proceeded fifteen or twenty feet when he was struck from the rear. But according to the defendants, they came over the crest of a hill and "approximately I would say one hundred to one hundred twenty-five feet I saw this car pull out on the road; he evidently pulled out of this motel, * * * but it was blocked off from our view, * * * so I naturally let-up on the gas; and as we kept approaching we thought naturally he would stop pulling into our lane of traffic; he was more or less still on the left side of the road, so as we got closer yet I was slowing down, and I got pretty close, I would say fifteen or twenty-five feet from him, and at that time he pulled directly into our lane of traffic; and, of course, the only thing I could do was to whip to the left and apply the brakes, which I did." The defendants said that the plaintiff's automobile was headed in a southwesterly direction when he came into the highway and was hit. This was the basis for the submission of the plaintiff's contributory negligence in that he drove his automobile from the east side of Lindbergh Boulevard across the center line into the path of the defendants' automobile and failed to watch or observe where he was driving.

The rules of the road did not prohibit, to paraphrase the plaintiff's descriptive terminology, plaintiff from entering, crossing, and turning left to proceed southwardly on Lindbergh Boulevard and the fact of such an entry, crossing and turn onto a four-lane highway is not evidence of negligence, necessarily, if care commensurate with the circumstances is exercised. Here there was a conflict of evidence as to whether the circumstances permitted the entry, crossing and turning left into the outer lane and whether the maneuver was made with due care, including the mainte-

nance of a proper, observant lookout and whether the plaintiff was guilty of contributory negligence in the detailed circumstances was for the jury to resolve. There was an evidentiary basis for the instruction and the essential circumstances were set forth (as they were not in Alexander v. Hoenshell, Mo.App., 66 S.W.2d 164), and the plaintiff does not convincingly demonstrate that the instruction was so ambiguous or confusing that the jury was misled or failed to understand and properly appreciate the essential issues. Riley v. Young, supra; Knox v. Weathers, supra.

In considering all the reasons advanced upon this appeal for the granting of a new trial the fact may not be overlooked that this was a simple case involving the simple issues of the defendants' negligence and the plaintiff's contributory negligence. Le Grand v. U-Drive-It Co., Mo., 247 S.W.2d 706, 711. As stated, there were but few instructions upon the essential merits and the plaintiff offered no instructions delimiting the issue of his contributory negligence, he did not so much as exclude the possibility in his principal instruction. In these circumstances, in the absence of plain demonstration of error in a matter materially affecting the merits of the action or a showing that the plaintiff's right to a fair trial has been infringed, the instruction, despite its shortcomings, may not be declared so prejudicially erroneous by this court as to demand the granting of a new trial. White v. Rohrer, Mo., 267 S.W.2d 31, 36; Knox v. Weathers, supra.

The judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.