**Robert E. KIMMICH, Plaintiff-Respondent,**

v.

**Charles BERRY, Defendant-Appellant.**

**No. 46909.**

Supreme Court of Missouri,

Division No. 1.

Jan. 12, 1959.

Claude S. Tuttle, B. Richards Creech, Donald E. Dalton, St. Charles, for defendant-appellant.

Paul E. Dixon, Edward F. Downey, St. Louis, William L. Hungate, Peter J. Grewach, Troy, for plaintiff-respondent.

HOLMAN, Commissioner.

In this action plaintiff sought to recover the sum of $10,000 for personal injuries and damage to his motorcycle which were alleged to have resulted from a collision between his motorcycle and defendant's automobile. The defendant filed a counterclaim wherein he sought recovery for damages to his automobile in the sum of $50.00. The jury returned a verdict for defendant on plaintiff's claim and for plaintiff on de-

fendant's counterclaim. Thereafter, the trial court sustained plaintiff's motion for a new trial upon the sole ground that the court erred in giving Instruction A at the request of defendant. Defendant has appealed from that order and here contends that the court erred in granting plaintiff a new trial because Instruction A was a proper declaration of law and hypothesized sufficient facts under the evidence.

A brief statement of facts will suffice. The collision occurred on May 4, 1953, in St. Louis County, Missouri, on a private parking lot maintained by McDonnell Aircraft Corporation for the use of its employees. On that date plaintiff and defendant were both employed by that corporation and had worked the shift which began at midnight and ended at 7:30 a. m. The vehicles were parked on the lot in lines running east and west. At intervals the lines were broken by lanes running north and south which would facilitate the movement of the vehicles in entering or leaving the parking lot. These lanes were from 20 to 30 feet wide and were customarily used for two lanes of traffic, both moving in the same direction. On the morning in question (shortly after 7:30 a. m.) plaintiff had started his motorcycle and was traveling north toward Brown Road. He was in the center of the east half (east traffic lane) of one of the north-south lanes, traveling between ten and twelve miles per hour. Defendant was a short distance behind plaintiff and was driving his car in the west lane at a speed of fifteen to twenty miles per hour.

Plaintiff testified that he never saw defendant's car before it struck him. His version of the occurrence was that as he drove his motorcycle due north in the east lane, turning neither to the right nor the left, the defendant's automobile struck him from behind; that the car first struck the left side of the rear fender of the motorcycle and then struck plaintiff's left leg knocking the motorcycle to the right. The motorcycle then fell back to the left on plaintiff's left leg. It would serve no purpose to detail the evidence concerning plaintiff's injuries.

Defendant's version of the events preceding the collision was quite different from that detailed by plaintiff. He testified that as he drove his car northwardly in the west or left lane of the driveway at a speed of from fifteen to twenty miles per hour he was overtaking plaintiff's motorcycle which was traveling in the east lane; that when the front of his car was about even with the rear of the motorcycle plaintiff looked back over his left shoulder toward defendant's car; that when the front end of his car was about even with the front of the motorcycle plaintiff turned the motorcycle to the left with the result that it ran into the right side of defendant's (two-door) car striking it near the front of the door. Photographs admitted into evidence showed a slight dent in the body of the car at that point. It further appears that at about the point of the collision the driveway in question curves slightly to the left.

As indicated, the sole point for our determination is whether Instruction A was prejudicially erroneous. It reads as follows:

"The Court instructs the jury that the law required that Robert E. Kimmich exercise ordinary care, as defined in another instruction, while operating his motorcycle on the private driveway described in evidence; therefore, if you find and believe from all the evidence in this case that Robert E. Kimmich failed to exercise ordinary care for his own safety while operating a motor vehicle upon the private driveway in either one or more of the following particulars:

"1. By failing to keep said motorcycle under proper control, the time, place, circumstances and conditions then and there prevailing, or

"2. By failing to keep a lookout for vehicles upon said private driveway, the time, place, circumstances and conditions then and there prevailing.

"And if you further find that such failure to exercise ordinary care for his own safety, if you so find, contributed to cause his injuries and the damage to his motorcycle, then you should find that Robert E. Kimmich is guilty of contributory negligence, and your verdict must be for the defendant on plaintiff's petition."

At the time of the entry of the order granting plaintiff a new trial the learned trial judge filed a memorandum in which it is pointed out that the testimony in this case discloses a sharp divergence in the essential facts and hence the court concluded that Instruction A was prejudicially erroneous in failing to hypothesize the facts essential to a finding of contributory negligence.

■ We have recently stated that the purposes of a verdict-directing instruction "is to make clear to the jury the essential fact issues which they are called upon to decide, and that where the evidence relating to such issues is conflicting and divergent, some of it supporting and other portions opposing the particular verdict, the instruction should in that event hypothesize, either by express recital or by reference to other instructions, the facts essential in law to support the verdict, whether it be to direct or to defeat a right of recovery. Hooper v. Conrad [364 Mo. 176], 260 S.W.2d 496; Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972; Sommer v. St. Louis Public Service Co., Mo.App., 262 S.W.2d 335." Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756, 761.

■ When Instruction A is considered in the light of the foregoing requirement, we think it must be held erroneous in failing to hypothesize facts essential to a finding that plaintiff's recovery should be barred because of his contributory negligence. We recognize that defendant could have hypothesized facts favorable to his theory of defense. The difficulty with this instruction, however, is that no facts were hypothesized except for the single fact

that defendant was operating his motorcycle on the private driveway. Certainly, it would seem that the location and general movement of the vehicles should have been hypothesized as a basis for a finding that the failure of plaintiff to keep a lookout, or to keep his motorcycle under control, contributed to cause the collision and resulting damage. Moreover, we note that the extent and nature of the lookout required was not specified. Generally, it is said that a driver must keep a lookout ahead and laterally. Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912. However, since that was not specified in Instruction A, and the facts in accordance with defendant's testimony were not hypothesized, the jury may have applied plaintiff's version of the facts (that defendant's car ran into the rear of his motorcycle) to this instruction and may have found that plaintiff was negligent in not keeping a lookout to the rear. Under plaintiff's testimony as to the manner in which he was operating the motorcycle he was not required to keep a lookout to the rear. Hopkins v. Sweeney Automobile School Co., Mo.App., 196 S.W. 772; 60 C.J.S. Motor Vehicles § 287, p. 672. We note also that a word or words have apparently been omitted from paragraphs numbered 1 and 2 of the instruction. We think that omission would likely have made the submission more difficult for the jury to understand.

In support of his contention that the instruction under consideration was not erroneous, defendant has cited Riley v. Young, Mo.App., 218 S.W.2d 805, and Anderson v. Bell, Mo.Sup., 303 S.W.2d 93. We do not think those cases support plaintiff's position. In the Riley case an instruction similar to the instant one was held not to be erroneous, but the point presented here was not considered by the court in that case. An examination of the instruction in the Anderson case will disclose that (unlike the instant instruction) it did actually hypothesize all of the essential facts.

The trial court properly granted plaintiff a new trial because of prejudicial error in the giving of Instruction A. The order appealed from is therefore affirmed and the cause remanded.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.