**Winnie PILKENTON, Appellant,**

v.

**Howard FEGLEY and Firestone Tire & Rubber Company, a Corporation, Respondents.**

**No. 46769.**

Supreme Court of Missouri,

Division No. 1.

March 9, 1959.

W. J. Collingsworth, Pineville, and Douglas & Douglas, Neosho, for appellant.

Robert E. Seiler, Seiler, Blanchard & Van Fleet, Joplin, for respondents.

WESTHUES, Judge.

Plaintiff, Winnie Pilkenton, filed this suit to recover damages in the amount of $25,000 for injuries she claimed to have sustained when a car in which she was riding collided with the rear end of a pickup truck owned by defendant Firestone Tire & Rubber Company and driven by defendant Howard Fegley. A trial in the Jasper County Circuit Court resulted in a verdict for both defendants and plaintiff appealed to this court.

Plaintiff, on this appeal, briefed only one point which is that the trial court erred in giving instruction No. 10 at defendants' request. The instruction reads:

"The court instructs the jury that in making a stop, a driver is not required to make a hand or arm signal of the stop if he gives a timely and adequate signal by means of a stop light operated off the brake.

"Therefore if you find from the evidence there was other traffic on Range Line on the occasion referred to in evidence traveling north ahead of defendants' truck, and that the driver of defendants' truck was required to bring said truck to a stop on the highway by reason of other traffic stopping ahead of him, and if you further find from the evidence that in so stopping the driver of the defendants' truck made a timely and adequate signal of his stop by means of a stop light at the left rear of the truck operated off the foot brake and that in so stopping the driver of the truck was exercising the highest degree of care at all times and was not guilty of any negligence and that said stop was made in such manner as not to endanger any automobile to the rear of said truck, then you are instructed that the driver of the truck was not negligent and your verdict must be in favor of the defendants and against the plaintiff."

The pertinent portion of plaintiff's requested instruction No. 1 which the court gave submitting the question of defendants' negligence to the jury reads:

" * * * and if you further find that the automobile in which plaintiff was riding was following the defendants pickup truck and that the driver of defendants truck negligently came to a sudden stop upon the traveled portion of said highway and that defendants driver negligently failed to signal of his intention of stopping upon the traveled portion of said highway in time to warn any automobile following him of his intention of stopping, and that such negligence and carelessness, if you so find, on the part of defendants em-

ployee directly contributed to cause the injuries of the plaintiff, if any, then your verdict should be in favor of the plaintiff and against the defendant."

A brief statement of the facts as shown by the evidence will be sufficient to dispose of the point briefed. The collision occurred in Joplin, Missouri, at about 5:30 o'clock on the afternoon of July 6, 1956, at a point on Highway 71 (referred to in instruction as "Range Line") about 30 or 40 feet south of 15th Street. The weather was fair and the pavement dry. Immediately before the collision, the defendants' truck was being driven north on Highway 71 and plaintiff's husband who was driving the car in which she was riding was also going north on this highway. When the truck reached a point about 3 or 4 car lengths from 15th Street, an east-west street, the truck came to a sudden stop and the car driven by plaintiff's husband collided with the rear end of defendants' truck. Mr. Pilkenton testified that the wheels of his car slid for a distance of 32 feet before the car struck the truck. Defendants' evidence was that the only damage to the truck was that the taillight was broken and disconnected and that there was an imprint on the rear of the truck made by the headlight of Pilkenton's car. The car belonging to Mr. Pilkenton was not materially damaged. The evidence of the driver of the truck, defendant Fegley, was that as he approached the intersection of Highway 71 and 15th Street, there were two motor vehicles ahead of him, a car and a truck; that the car stopped at the intersection and that the truck ahead of him came to a sudden stop; that he (Fegley) made a sudden stop and that when his truck came to a standstill, it was only 3 or 4 feet from the truck ahead. He further testified that he was driving about 30 m. p. h., and had been following the truck ahead of him at a distance of about 30 or 40 feet; that just before he came to a stop, Pilkenton's car struck the rear of his truck. He stated that the taillight of his truck was in good condition and when he applied the brakes the taillight would give a stop signal. There was evidence that Pilkenton was driving at a higher rate of speed than defendants' truck and that he had been driving so for several blocks before the collision occurred. Two witnesses testified that Pilkenton was driving at a speed of 50 m. p. h.

Plaintiff and her husband testified that their car was not going any faster than the truck and that they had been following the truck for 3 or 4 blocks at about 30 m. p. h. These witnesses testified that Fegley gave no warning of his intention to stop; that the taillight of the truck was not operating and that the connecting wires were hanging down before the collision occurred. Pilkenton testified that when he noticed the truck was going to stop, he immediately applied his brakes but was unable to stop before striking the truck. Plaintiff, in her brief, contends that the giving of instruction No. 10 was error for the following reasons, as stated under Points and Authorities:

"A. When a motor vehicle stops suddenly (a sudden stop of Defendant's truck is undisputed in this case) a stopping signal given by a brake light is not a sufficient warning because such a signal is short, quick and sudden."

"B. The first paragraph of Instruction No. Ten (10) is an abstract statement of law and does not set out the factual situation in this case; and since this instruction was a verdict directing Instruction for the Defendant, it was error to give it."

"C. The instruction purports to be complete in itself and does not completely set out all the facts and makes no reference to other instructions. For example; the instruction does not set out that the Defendant, Fegley stopped suddenly as the evidence showed and as a result this instruction is contrary to the factual situation in this case."

The first case cited under paragraph "A" is the case of Ritz v. Cousins Lumber Co., 227 Mo.App. 1167, 59 S.W.2d 1072, loc. cit. 1075. Note what the Kansas City Court of Appeals there said in speaking of a sudden stop of a motor vehicle, loc. cit. 1075, 1076 (5–7) : "There is nothing in this statute to justify *a sudden stopping*, that is one without timely warning. It is well settled that the driver of a forward car in making a sudden stop of this kind must give a warning to a car closely following. * * * Of course, such a warning must be timely. Defendant is, therefore, in error when it says that Wilson, as a matter of law, discharged his full duty by causing his stop light to go on." This court en banc, in the case of Thaller v. Skinner & Kennedy Co., Mo., 315 S.W.2d 124, loc. cit. 130 (7–10), said: "The test of sufficiency of the warning by a motorist that he is about to stop is whether the warning is adequate and timely. Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912, 918(15) ; White v. Rohrer, Mo.Sup., 267 S.W.2d 31, 34(4)."

We find no ruling to the contrary in other cases cited by plaintiff. For example: the case of Matthews v. Mound City Cab Co., Mo.App., 205 S.W.2d 243, loc. cit. 247, 248(4) (5) (6, 7). It will be noted that this case holds that a warning given by a statutory electrical signalling device of a sudden stop is not as a *matter of law* sufficient, but that the question of whether there was an adequate and timely warning given is for a jury.

Instruction No. 10, now before us for consideration, required the jury to find, before authorizing a verdict for defendants, that the driver of the truck "made a timely and adequate signal of his stop by means of a stop light at the left rear of the truck" and the instruction further required a finding that the driver "was not guilty of any negligence and that said stop was made in such manner as not to endanger any automobile to the rear of said truck." So, it is evident that the instruction did not declare as a matter of law that a signal by means of mechanical device was sufficient, but that question was submitted to a jury as a question of fact. The authorities supra do not sustain plaintiff's contention.

There is no merit in point "B" of plaintiff's brief. The first paragraph of instruction No. 10 may be considered an abstract statement of law. It is followed by a submission of a state of facts, which if found to be true, authorized a verdict for defendants. The abstract statement of law is not ·incorrect and was applicable to the question before the jury as submitted for determination. We ruled a similar point in Jones v. Rash, Mo., 306 S.W.2d 488, loc. cit. 493(6) (7, 8).

In paragraph "C" of plaintiff's brief, she urges that instruction No. 10 should have "set out that the Defendant, Fegley stopped suddenly as the evidence showed." Plaintiff's instruction submitted the case to the jury on the theory that defendant Fegley was negligent in stopping suddenly and failure to warn of the driver's intention of stopping upon the highway. Stopping suddenly without a proper warning was the gist of plaintiff's claim. Instruction No. 10 required the jury to find before authorizing a verdict that an adequate and timely warning was given by the defendant of his intention of stopping his truck. If such a warning was given (and the jury by its verdict found it was), then it is immaterial whether the stop was gradual or sudden. We do not see how instruction No. 10 could have misled the jury. We quoted supra from the Ritz case where the court said, "There is nothing in this statute to justify *a sudden stopping*, that is one without timely warning." Since the jury was required to find that a timely and adequate warning was given to justify a verdict for the defendants, the instruction was not erroneous for not designating the stop as a sudden stop.

Finding no error, we hereby affirm the judgment.

All concur.