**Frank MORMINO, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 65 C 254(3).**

United States District Court
E. D. Missouri, E. D.

Feb. 15, 1966.

or curb lane, and came to a stop near the intersection of Delmar in compliance with an electric signal which was then red for northbound traffic. It was plaintiff's intention to make a right turn into Delmar Boulevard. A 2½ ton Chevrolet truck owned by the United States Government and used in the mail service was being operated northwardly on Twentieth Street in the lane nearest the center of the street, but partly in the curb lane. The truck was also stopped at the intersection, at a slight angle to the right or east, having turned to avoid possible contact with a truck turning right into Twentieth from Delmar.

When the electric signal changed to green for northbound traffic, the mail truck started in motion, and after moving forward a few feet its right rear bumper caught on the left front fender and bumper of the Renault, which was still stopped, dragging the Renault several feet and onto the sidewalk before the truck came to a stop. The mail truck was being operated by Lynn Wiedle, an employee of the United States, in the course and scope of his employment, and on business for the defendant.

■ Missouri law governs this case. By statute, every motorist must exercise the highest degree of care in the operation of a motor vehicle. Section 304.010 RSMo, V.A.M.S. At the time Wiedle started forward, he knew or should have known by reason of the angle and position of the mail truck that any vehicle to his right would be placed in danger by the forward motion of the truck.

■ Under these circumstances it was Wiedle's duty to keep a lookout to ascertain whether a vehicle was in fact to his right. He wholly failed to keep such a lookout. As stated in Braun v. Hoffmeister, Mo., 366 S.W.2d 406, 408,

> "The degree of care of a motorist upon the highway, as required by statute, § 304.010 R.S.Mo.1959, V.A.M.S., imposes upon the operator of motor vehicles upon the streets and highways of this state the *continuous* duty to exercise the highest

Vincent M. Igoe, St. Louis, Mo., for plaintiff.

Richard D. FitzGibbon, Jr., U. S. Atty., Robert H. Kubie, Asst. U. S. Atty., St. Louis, Mo., for defendant.

REGAN, District Judge.

This action was brought to recover damages for personal injuries allegedly caused by the negligence of the operator of a mail truck. The Court has jurisdiction under the provisions of Section 1346(b), Title 28, U.S.C.

The accident occurred at the intersection of Twentieth Street and Delmar Boulevard in the City of St. Louis, Missouri. Twentieth Street is a two-way highway 36 feet wide, with two lanes in each direction. On the morning of January 27, 1965, plaintiff was driving his Renault Caravelle automobile northwardly on Twentieth Street in the east

degree of care at all times and all places thereon to keep a lookout for persons thereon and in every other respect. Mayfield v. Kansas City Southern Ry. Co., 337 Mo. 79, 85 S. W.2d 116, 123–124 [11–16]; Faught v. Washam, 365 Mo. 1021, 291 S.W. 2d 78, 82 [4]. To fulfill that duty, the motorist is required to look in such an observant manner as to enable him to see what a person in the highest degree of care for the safety of himself and others would be expected to see under similar circumstances."

Again, in Myers v. Searcy, Mo., 356 S.W.2d 59, 62, it was stated,

"The driver of a motor vehicle has the duty to keep a proper lookout and to watch where he is driving."

On a number of occasions the Supreme Court of Missouri held that a motorist is under a duty to exercise the highest degree of care to keep a lookout not only ahead but laterally. See Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912, 917; Kimmich v. Berry, Mo., 319 S.W.2d 546, 548.

■ We find from the greater weight of the credible evidence that Wiedle was negligent in failing to exercise the highest degree of care to keep a proper lookout for other vehicles on the highway, and particularly for vehicles he might reasonably expect to be to his right intending to make a right turn. We further find that such negligence on his part was the proximate cause of collision and the injuries and damages which were sustained by plaintiff. Under the facts we have found, plaintiff was in the exercise of the highest degree of care for his own safety and was not guilty of any negligence which contributed to cause the collision and his injuries.

Defendant argues that plaintiff was attempting to pass the mail truck on the right and that its driver had the right to assume in the absence of actual notice to the contrary that no one would pass him on the right "in violation of law."

With respect to this contention we note that there are a number of Missouri cases which state the proper rule in this manner: "An operator of an automobile on a public highway cannot assume that another automobile would not be present on the highway under circumstances that would be in violation of the rules of the road and for that reason not maintain the continuous lookout required of drivers." Myers v. Searcy, Mo., 356 S.W. 2d 59, 63, quoting from Pitts v. Garner, Mo., 321 S.W.2d 509, 518. And see Willhite v. City of St. Louis, 359 Mo. 933, 224 S.W.2d 956, holding that passing on the right is not necessarily violative of the law.

■ However, it is a sufficient answer to defendant's contention to point out that the evidence convincingly shows that plaintiff was *not* attempting to pass the truck at all, but on the contrary was intending to make a right turn into Delmar Boulevard. Section 304.018 RSMo, V.A.M.S. provides that a driver of a vehicle intending to make a right turn at an intersection shall make both his approach for the turn and the turn "from that portion of the roadway as close as practicable to the right-hand curb or edge of the highway." In any event, plaintiff's vehicle was *stopped* and not in motion at and before the time the mail truck started up. It was the very fact that the truck started up at an angle which placed the plaintiff in peril, and for such reason it was all the more imperative that defendant's driver look in an observant manner before proceeding forward.

The remaining issue relates to the amount of plaintiff's damages. X-rays taken by Dr. Joseph Peden are negative as to any bone or joint pathology. Consequently they are of no aid to the Court. Plaintiff was treated by Dr. Edward Bowdern who found that he suffered contusions and sprains of the left shoulder and elbow with some tearing of the musculature below the biceps. The muscle injury was healed, leaving an area described as a knot or a hard place in the arm. The medical testimony was that

the healing had taken place in the form of scar tissue which caused the hard area, and that the scar tissue would be present in the arm permanently. Dr. Peden's bill was $20.00, and Dr. Bowdern's bill was $55.00, which we find are reasonable charges.

Plaintiff's evidence shows, and we find, that he had some residual pain in the left arm which resulted in weakness and loss of power of the grip in the left hand. However, this loss of power, according to the testimony of Dr. Bowdern is not permanent, so that plaintiff will be left permanently only with the scar tissue and knot previously adverted to. Plaintiff is, of course, entitled to recover for his pain, suffering and discomfort. We are of the opinion, and so find, that taking into consideration the nature and extent of the injuries and the reasonable medical expenses incurred by plaintiff he should be awarded the sum of $850.00.

The foregoing memorandum constitutes our findings of fact and conclusions of law. The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the sum of $850.00 and costs.

LaTourette & Rebman, St. Louis Mo., for plaintiff.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Wm. H. Orrick, Jr., Asst. Atty. Gen., for United States.

Robert W. Ginnane, Gen. Counsel, and Thomas H. Ploss, Atty., Washington, D. C., for Interstate Commerce Commission.

Before MATTHES, Circuit Judge, and HARPER and REGAN, District Judges.