BURDOIN v. THE TOWN OF TRENTON, *Appellant.*

### Division One, June 5, 1893.

1. **Practice:** BILL OF EXCEPTIONS: EXTENSION OF TIME FOR FILING. When time to file exceptions has been extended beyond the term of final judgment, the trial judge in vacation is not authorized to grant a further extension after the original period has lapsed.

2. ———: BILL OF EXCEPTIONS, AMENDMENT OF. A trial court has power to amend a bill of exceptions *nunc pro tunc* on a proper showing after the lapse of the term of judgment; but such amendment cannot be accomplished by an *ex parte* order of the judge in vacation, permitting an amendatory bill to be filed containing new matter.

3. **Municipality:** DEFECTIVE SIDEWALKS: NEGLIGENCE. Under the charter of Trenton, the town is liable for a failure to use ordinary care to keep its sidewalks in reasonable repair, where any person, not himself negligent, is injured thereby.

4. **Practice:** INSTRUCTION: HARMLESS ERROR. An abstract statement of law in an instruction, though erroneous, will not form the basis for a reversal when accompanied with a further call for a finding of all the facts required by law to create a liability on defendant's part.

5. ———: ———. A finding that plaintiff, "without fault or want of proper care on her part," fell, etc., is substantially equivalent to a finding that she used ordinary care.

6. ———: ———. Instructions should all be read and construed together as a whole.

7. **Supreme Court Practice:** IMPROPER REMARKS OF ATTORNEY, SAVING OBJECTIONS TO. When counsel of both parties agreed that no objection should be made to a closing argument to the jury, but that it should be considered objected to, no point upon that argument is saved for review where the circuit court was not called on to deal with any objectionable remarks at the time they were made.

8. ———: ———. The supreme court interferes to correct the action of a trial judge, touching the control of the argument in a cause, only when there has been a plain abuse of discretion.

9. ———: REVIEWABLE ERROR. No exception is available on appeal except such as has been expressly decided by the trial court.

10. ———: ———: VERDICT. The facts reviewed and a verdict ($3,000) for personal injuries, *held*, not to warrant any interference by the supreme court on account of its amount.

*Appeal from Grundy Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

Plaintiff had a judgment in the circuit court, from which defendant appealed.

The instructions referred to in the opinion of the division are the following:

### GIVEN FOR PLAINTIFF.

"1. Under the charter and ordinances of defendant, introduced in evidence, it was the duty of defendant to keep its streets and sidewalks in good repair, free from obstruction and safe for travel, in the ordinary modes, by day or by night, and if the jury believe from the evidence that the boards of the sidewalk at the place where plaintiff claims to have been injured in said town of Trenton were absent and gone, and said walk had become in an unsafe condition for travel, and that defendant's officers, whose duty it was to keep sidewalk in repair, knew or might, by the exercise of ordinary care and diligence, have known of the unsafe condition thereof in time to repair the same; that while plaintiff was walking along said walk, where it was so out of repair, and in walking by the side of another person stepped into the hole or excavation made by the absence of such boards or planks in said walk, and that plaintiff was thereby, and by reason thereof, thrown down and into a ditch adjacent thereto, without fault or want of proper care on her part, and she was injured thereby, then the jury must find for the plaintiff, although the

jury may further believe from evidence that plaintiff knew that said boards were absent and gone.

"2. If the defendant's mayor or any member of its council or street commissioner knew, or by the exercise of ordinary care and diligence might have known, of the condition of said walk in time to have repaired any defect therein, if any there was, prior to the plaintiff's injury, if she was injured, then such notice or knowledge is sufficient to impose upon defendant and its agents and officers the duty to repair the same and if they so knew or might have so known and failed to repair the same, then said agents and officers were negligent and the defendant is responsible for such negligence.

"3. The burden is upon the defendant to prove to the reasonable satisfaction of the jury by the preponderance of the evidence, the defense of contributory negligence set up and pleaded in its answer, and if it has failed to so prove and satisfy the jury, the finding must be for plaintiff on this issue, and although plaintiff may have known of the condition of said walk, the law did not require of her the exercise of extraordinary care in passing and traveling on said walk; but only that she exercise such care and prudence in passing over and upon said walk as an ordinary prudent person would, under like circumstances.

"4. In estimating plaintiff's damage in this case if the jury find for her, they will take into consideration not only the physical injury inflicted, the bodily pain and mental anguish endured, her inability by reason of said injuries to perform her ordinary avocations of life, but may also allow for such damages as it appear from the evidence will reasonably result to her from said injuries in the future not to exceed in all, however, the sum of twelve thousand dollars."

### GIVEN FOR DEFENDANT.

"1. The court instructs the jury that a municipal corporation is not an insurer against accidents upon its sidewalk, nor is every defect therein, though it may cause an injury, actionable. It is sufficient if the sidewalks are kept in a reasonably safe condition for travel thereon in the ordinary modes.

"4. The jury are instructed that municipal corporations, such as the defendant, are only liable for such defects in their sidewalks as are in themselves dangerous or such that a person exercising reasonable care and caution cannot avoid danger in passing over it; and if the jury believe from the evidence that the defect in the sidewalk in question was not in itself dangerous to the safety of the person passing over it with reasonable care and caution, and that the alleged injury was the result either of a mere accident, without negligence of the defendant, or that it resulted from a want of reasonable care and caution on the part of the plaintiff, then the jury should find for the defendant.

"7. In determining the question of negligence or carelessness on the part of plaintiff, the jury will take into consideration all the facts and circumstances in proof, including the condition of the sidewalk at the place where the injury is alleged to have occurred, and the knowledge of the plaintiff of the condition of the same, if she had any such knowledge; and if from all the facts and circumstances of the case they believe that negligence or want of ordinary care or prudence on the part of plaintiff directly contributed to the accident which caused the injury sued for, they will find for the defendant.

"8. Although the jury may believe from the evidence that two, or three, or more, planks in the sidewalk in question were loose from the stringers, still, if

the jury further believe from the testimony that the sidewalk in question was, at the time of the injury, if any, in a reasonably safe condition for travel in the ordinary modes upon a sidewalk, the jury ought to find for the defendant."

"12.   Even though the jury should find for the plaintiff, in estimating her damages they will only take into consideration the result flowing directly from such injuries as they may believe from the evidence plaintiff at the time received; and they will allow her only such damages as they may believe from the evidence she has actually sustained.

"13.   The jury are further instructed that the burden of proof is upon the plaintiff and before the jury can find for her she must prove by a preponderance of the evidence to the satisfaction of the jury each of the following facts:   *First,* That she was injured by reason of a defect in the sidewalk in proof; *second,* That the town authorities had actual notice of the defect or that the defect complained of had existed for such length of time that said authorities could, by the exercise of ordinary diligence, have known of such defect and reasonable time to repair the same; and if she has not so satisfied the jury by a preponderance of the evidence, they will find for the defendant.

"14.   The jury are the sole judges of the weight of evidence and of the credibility of the witnesses, and in considering the evidence and the weight to be given to the testimony of the witnesses, the jury will take into consideration the conduct and demeanor of the witnesses while testifying, their apparent candor or lack of candor, their interest or lack of interest in the suit, the fact that they have been contradicted by other witnesses, if such is the fact, the fact that they have made contradictory statements about the matter of which they have testified, if such be the fact, as well as all

other facts and circumstances detailed in evidence, and if the jury believe from the evidence that any witness has willfully sworn falsely as to any material fact, then they are at liberty to disregard the whole of the testimony of such witness."

### GIVEN BY THE COURT.

"5. Although the jury may believe from the evidence that defendant suffered planks and boards in the sidewalk in question to become and remain loose and detached from the stringers, if the jury believe from the evidence that plaintiff knew of said defective condition of said sidewalk and that so knowing thereof, while walking along and passing over said sidewalk she was [laughing and talking with the party with whom she was walking and] not using reasonable care [or noticing where she was stepping or going], she stepped on said loose boards and planks or into a hole and thereby was thrown into the ditch and injured thereby, then the plaintiff cannot recover in this action and the jury must find for the defendant."

"11. In making up their verdict the jury will wholly disregard all proof of defects in the sidewalk in question except such proof as relates to the defect at the place mentioned in the petition and as shown by the testimony [of the plaintiff] as the place where the injury occurred."

The last two instructions were given by the court without the words included in the brackets, which were contained in the original requests of defendant for the instructions. The court's modifications consisted merely in the erasure of those words.

The other necessary facts appear in the opinion of the division.

*O. M. Shanklin* and *George Hall* for appellant.

(1) The first instruction given by the court on the part of the plaintiff is erroneous in this, that it tells the jury that "it was the duty of defendant ⸱to keep its streets and sidewalks in good repair, free from obstruction and safe for travel," which requires defendant's walks to be perfectly good and absolutely safe a duty the law does not require of it, but it is its duty to keep its walks in reasonably safe repair and reasonably safe for travel only. *Brennan v. St. Louis*, 92 Mo. 482; *Kling v. City of Kansas*, 27 Mo. App. 231; *Bassett v. St. Joseph*, 53 Mo. 290; *Kiley v. City of Kansas*, 87 Mo. 103; *Carrington v. St. Louis*, 89 Mo. 208; *Maus v. Springfield*, 101 Mo. 613; Dillon on Municipal Corporations [3 Ed.], sec. 1019. (2) The instruction is objectionable for the further reason that to entitle plaintiff to recover she was required to use reasonable care in passing over the walk. This omission is not caused by the words, "without fault or want of proper care on her part." See the authorities above cited. Also *Loosh v. Des Moines*, 38 N. W. Rep. 384; *Kendall v. Albia*, 34 N. W. Rep. 833; *Halloway v. Lockport*, 7 N. Y. Supp. 363; *City v. Dalon*, 23 Am. St. R. 598, (133 Ill. 177;) *Salmon v. Trenton*, 21 Mo. App. 182; Dillon on Municipal Corporations [3 Ed.], sec. 1020. These errors are not cured by defendant's instructions given, but are in conflict therewith. *Staples v. Canton*, 69 Mo. 592. (3) The respondent's first instruction is erroneous for the further reason that what was proper care on the part of respondent is a question of law and should have been defined by the court and not submitted to the jury. *State v. Mitchell*, 98 Mo. 657; *Albert v. Besel*, 88 Mo. 150; *State to use v. Reyburn*, 31 Mo. App. 385; *Morgan v. Durfee*, 69 Mo. 469; *Carson v. McCormick Machine Co.*, 36 Mo. App. 462;

*Turner v. Railroad*, 76 Mo. 261; *Railroad v. Cleary*, 77 Mo. 634; *Kendig v. Railroad*, 79 Mo. 207; *Dyer v. Bramrock*, 2 Mo. App. 432; *Booher v. Neese*, 75 Mo. 383. (4) The second instruction given on behalf of plaintiff is erroneous, because it ignores the question of contributory negligence. *Stucker v. Green*, 94 Mo. 280; *Birtwhistle v. Woodward*, 95 Mo. 113; *Bailey v. Beasley*, 32 Mo. App. 406; *Craycroft v. Walker & Co.*, 26 Mo. App. 469. (5) The instructions numbers two, three, six, nine and ten, asked by appellant, properly declared the law of this case and the court erred in refusing each of them. See authorities in first and second points of brief. Also *Elkhart v. Ritter*, 66 Ind. 136; *Schaefer v. Sandusky*, 33 O. St. 246; *Corbett v. Leavenworth*, 27 Kansas 673; *Osage City v. Brown, ibid.* 74; *Hamson v. Taylor*, 8 Atl. Rep. 331 and note; *Parkhill v. Brighton*, 15 N. W. Rep. 853; *Kendall v. Albia*, 34 N. W. Rep. 833; *Sandy Lake v. Forker*, 18 Atl. Rep. 609. (6) The statements made by plaintiff's attorneys in their closing argument in regard to matters of which there was no evidence, prejudicial to the defendant, being objected to, and persisted in, in violation of the admonition of the court, was such error as entitles appellant to a reversal and new trial. *Fathman v. Tomilty*, 34 Mo. App. 236; *Sidekum v. Railroad*, 93 Mo. 400; *Bishop v. Hunt*, 24 Mo. App. 373; *State v. King*, 64 Mo. 591; *Roeden v. Studt*, 12 Mo. App. 566; *Marble v. Walters*, 19 Mo. App. 134; *Brown v. Railroad*, 66 Mo. 588; *State v. Lee*, 66 Mo. 165; *Crohan v. Bolmas, Ex'r.*, 7 Mo. App. 585; *Brownlee v. Hewett*, 1 Mo. App. 360; *Haynes v. Trenton*, 18 S. W. Rep. 1003. And the same rule applies as to the opening argument. *Henry v. Railroad*, 30 N. W. Rep. 630; *Reikabus v. Galt*, 16 N. W. Rep. 384; *Porter v. Thorp*, 11 N. W. Rep. 174. (7) The damages assessed by the

jury are excessive. *Haynes v. Trenton*, 18 S. W. Rep. 1003.

*Harber & Knight* for respondent.

(1) After the third Monday in October, 1890 (the time given by the court for filing a bill of exceptions), had passed, the trial judge thereafter and in vacation, had no authority to permit the filing of another bill of exceptions; with the expiration of the time first granted, his authority expired, hence the order so made in vacation of court on December 2d, was without authority and wholly nugatory, so it was held expressly in *McHoney v. Ins. Co.* 44 Mo. App. 426; *Boardman v. Vaughan*, 44 Mo. App. 549; *Hicks v. Hoos*, 44 Mo. App. 571-7; *Spencer v. Railroad*, 79 Mo. 500; *Johnson v. Greenleaf*, 73 Mo. 671; *Dinwiddie v. Jacobs*, 82 Mo. 195; *Robart v. Long*, 65 Mo. 223; *State v. Duckworth*, 68 Mo. 156; *State v. Hill*, 98 Mo. 570; *State v. Mayor*, 99 Mo. 570; *Webster Co. v. Cunningham*, 101 Mo. 642; *State v. Jones*, 102 Mo. 305; *State v. Dalton*, 106 Mo. 463. (2) The nine instructions given by the court on the part of appellant fully covered the case and stated the law even more favorably for the defendant than it was entitled to, and the refusal of the five instructions out of the batch of fourteen asked, was proper, as this court has often condemned the giving of too many instructions, and where a cause has been fairly submitted, the appellate court will not critically examine instructions refused in order to discover one that might appropriately have been given. *Bergeman v. Railroad*, 104 Mo. 77; *Tyler v. Hall*, 106 Mo. 313; *Brown v. Railroad*, 99 Mo. 319; *Flori v. St. Louis,* 3 Mo. App. 231; *Humber v. Brashear*, 51 Mo. 439; *Porter v. Harrison*, 52 Mo. 524; *State v. Holmes*, 54 Mo. 153; *Myers v. Railroad*, 59 Mo. 223; *McKeon v. Railroad*, 43 Mo. 405; *Noble v. Blunt*, 77

Mo. 235; *Carlisle v. Keokuk*, 87 Mo. 40; *Ridenhour v. Railroad*, 102 Mo. 270; *Hannibal v. Richards*, 35 Mo. App. 15-22, and cases cited; *Galvin v. Railroad*, 21 Mo. App. 273. (3) The alleged improper remarks of counsel cannot avail the appellant: *First*, Because no exceptions were saved to the same as required by repeated rulings of this court. Revised Statutes, 1889, sec. 2167. *State v. Hayes*, 81 Mo. 574; *State v. Pagels*, 92 Mo. 300; *Sidekum v. Railroad*, 93 Mo. 400; *State v. West*, 95 Mo. 139; *Krogel v. Givens*, 79 Mo. 77; *State v. Harkins*, 100 Mo. 539; *State v. McDonald*, 85 Mo. 672; *State v. Reed*, 89 Mo. 168; *second*, Because the argument of the counsel is a matter particularly under the control of the trial court, which hears both sides and can determine how far the objectionable remarks and illustrations of one side are provoked by those of the other. This the supreme court cannot do, and ought not therefore to reverse in any case on such ground. *State v. Young*, 16 S. W. Rep. 408; *Loyd v. Railroad*, 53 Mo. 509; *Huckshold v. Railroad*, 90 Mo. 548; *Sidekum v. Railroad, supra*; *Third*, Because "the attention of the court should have been called to the language and conduct of the attorney by the proper objection, and a ruling had thereon by the court. *McLain v. State*, 18 Neb. 154; *Bohanan v. State*, 18 Neb. 57, and cases *supra*. The court will observe further that in this case it simply agreed by counsel before the argument began, that such argument should be considered objected to, but no exceptions were agreed to and hence no ruling of the court was or could be had. (4) The verdict for $3,000 is not excessive, but considering the injured health of plaintiff, and her inability to walk or perform her household duties is very moderate, to say nothing of her terrible suffering, day and night. *O'Connell v. Railroad*, 106 Mo. 482; *Haniford v. City of Kansas*, 103 Mo. 172; *Klutts v.*

*Railroad,* 75 Mo. 643; *Furnish v. Railroad,* 102 Mo. 438; *Whalen v. Railroad,* 60 Mo. 323; *Porter v. Railroad,* 71 Mo. 66; *Gurley v. Railroad,* 104 Mo. 211; *Griffith v. Railroad,* 98 Mo. 168; *Johnson v. Railroad,* 96 Mo. 340.

BARCLAY, J.—Plaintiff's action is based on alleged negligence of defendant in permitting a highway to remain in a dangerous condition, in consequence of which she sustained injuries.

The pleadings need not be recited. They raise the issues of defendant's negligence as above noted, and, on the other side, of plaintiff's contributory negligence.

The tendency of plaintiff's testimony is to prove that as she was passing along Fifth street, in the town of Trenton, on her way home from church, after dark, May 11, 1890, she fell into an opening in the public sidewalk and was injured. Two boards, which originally had formed part of the highway for pedestrians, were wanting at that point, and had been since the previous January, leaving a hole twelve or fourteen inches wide and about fifteen inches deep, into which plaintiff fell. She was walking by the side of another woman, and two others were a short distance in advance.

Plaintiff lived a few blocks away, and knew that the sidewalk in the vicinity of the accident was in a bad condition, generally; but she disclaimed knowledge of the particular defect that caused the injury.

The extent of her damages will be referred to further along.

She obtained a verdict and judgment for $3,000, which, after the ordinary motions and exceptions, defendant has brought to the supreme court for review.

A variety of errors have been assigned in the proceedings on the circuit; but preliminary to taking them up, a more formal issue calls for some remark.

I. The plaintiff insists that the last bill of exceptions of defendant is not entitled to a place in the record, because filed out of time.

The motions for new trial and in arrest were over-ruled, defendant took its appeal and gave its bond for a stay of execution, all at the August term, 1890. At the same time an order of the court was entered giving defendant until the third Monday in October to file its exceptions. It filed a bill within that period; but after-wards, upon defendant's counsel observing that its refused requests for instructions were not included in it, the trial judge, in vacation, December 2, 1890, made an order extending the time for filing an amendatory bill of exceptions to December 31, 1890. The final bill was accordingly allowed, signed and made a part of the record, December 30, 1890. It differs from that first filed only in supplying the refused instructions mentioned.

The case was begun in July, 1890. The law governing the point now before us was then expressed, and ever since has been, in section 2168, Revised Statutes, 1889, an enactment which went into force with the general revision of the statutes, in 1889. It was plainly intended to modify the stringency of the former law on the subject, as construed by the courts, and to enlarge the opportunities for securing a review by appeal or error.

The order of the circuit judge extending the time to file the bill does not expressly recite that it was "for good cause shown;" but as he acted in the premises it will be assumed that he found such cause, as the basis for his action. It was for him to determine, in his judicial capacity, the sufficiency of the cause. His allowing further time necessarily implied a finding by him that a good cause existed. So there is nothing in

VOL. 116—24

the objection that his order fails to show any cause for the extension.

But the question yet remains whether the statute conferred authority to make such an order after the expiration of the time allowed for filing the bill, the term of the final judgment having closed. That the judge might, within the period granted, have extended the time beyond it, is very clear from the language of the section. But is it a fair and reasonable construction to hold that he may, at any date thereafter, however remote, without consent of the parties, "extend" the right to file the bill, when that right has already ceased? We think not. His action, to be effective in extending the time, should be taken while the period allowed to file the bill is yet current—that is to say, while there is yet something left to extend.

Defendant's counsel at this juncture suggest that though the second bill may not be good as an original one, it can stand as an amendment of the first.

The trial court has, no doubt, power, according to the principles and usages of law, to amend a bill of exceptions, as it has power to amend other parts of its record, *nunc pro tunc*, on a proper showing, after the lapse of the term of the judgment. But the action of the circuit judge, in vacation, *ex parte*, allowing and signing the second bill of exceptions, containing new matter, after the expiration of the prescribed time for filing such a bill, can surely not be sustained as an exercise of the judicial power to amend the records of the court. This is too evident to justify more than a passing ruling.

We consider that the second, or amendatory bill of December 30, 1890, is not properly a part of the record on this appeal and must be placed out of view.

As the original bill, however, was filed in season, the only practical effect of this ruling on the review of

the case is to eliminate the points arising upon the refusal of certain requests for instructions by defendant.

A number of other questions remain.

II. The first instruction, given at plaintiff's instance, is criticised as imposing too great a liability in declaring it the duty of defendant to keep its sidewalks in "good repair, free from obstructions and safe for travel, in the ordinary modes, by day or night." If that statement stood alone the objection would have greater force than it does now, for the liability of the town to plaintiff (under its charter, Sess. Laws, 1856—7, p. 350, and later amendments) depends on its failure to exercise ordinary care to keep its thoroughfares in a condition of reasonable safety. It is not bound absolutely to keep them in good repair constantly.

But the part of the instruction quoted is merely an abstract proposition, introducing a call for a finding of facts, which conforms strictly to the correct rule of law on the subject. Reading the instruction through, we see that it required the jury to find an omission of ordinary care on defendant's part as essential to a verdict for plaintiff. That rule was emphatically repeated in the instructions given for the defendant. We regard the point criticised, therefore, as having no prejudicial bearing on the merits of the case, and hence as furnishing no substantial basis for disturbing the judgment. Revised Statutes, 1889, sections 2100 and 2303.

III. The instruction is further objected to because the words "without fault or want of proper care on her part" are said not to accurately state the law as to contributory negligence. A finding that plaintiff was "without fault," would certainly comprehend that she had used ordinary care.

In the seventh instruction for defendant the court gave a very full statement of a rule on the subject of

contributory negligence in terms requested by defendant. If there is any obscurity in plaintiff's first instruction, because of the use of the term "proper care," it is cleared up by the defendant's instructions, more particularly explaining what sort of care was "proper" in the circumstances, and plainly submitting to the jury, as an issue of fact, whether or not plaintiff had exercised such care.

IV. The plaintiff's second instruction is next attacked, "because it ignores the question of contributory negligence." It is to be noted that that instruction does not of itself undertake to state facts warranting a finding for plaintiff. It merely sets forth one proposition of law bearing on the question of notice (of the defective side-walk) to the municipal authorities. It is not criticised by defendant in that respect; and the point of objection urged is groundless. The instructions should all be read and considered together; and the seventh instruction of defendant supplies any omission that may be supposed to exist in the plaintiff's second instruction in the particular indicated. *Owens v. Railroad* (1888), 95 Mo. 169; *Forster Co. v. Guggemos* (1889), 98 Mo. 391. There is nothing in the latter, when read along with the other instructions, to support a claim that it authorized any verdict for plaintiff without a finding that she had exercised ordinary care.

V. It is further urged that counsel for plaintiff in his closing argument to the jury went outside the evidence for facts, and otherwise indulged in a line of remarks wholly improper and unwarranted.

The record on this subject makes a rather peculiar showing. The objectionable parts of the argument are fully recited; but there is no indication or intimation in the record that the circuit judge was called upon, in any way, to correct them or to rule upon them while the trial was in progress. Nor was any objection to the remarks

interposed at the time to the court, or to the counsel that made them. Yet the right to assert the objection is supposed to be preserved by a recital, in the bill of exceptions (preceding the statement of the remarks), that, "by agreement of counsel no objection was to be made during said closing argument, but such was and is considered objected to."

Beyond that statement there is nothing to show any objection or exception to the argument now complained of.

However firmly counsel may agree that a coming argument is to be considered objected to, whatever it may be, we are decidedly of opinion that such an agreement alone should not be permitted to establish a basis for a reversal. The control of the argument is committed very largely to the discretionary power of the trial judge. The supreme court only interferes to correct his action therein where there has been a plain and unmistakable abuse of discretion.

Now if counsel stipulate not to object to an argument, and, what is more to the point, carry out such an arrangement, so that the trial judge is not called on to make any ruling regarding it, the party who remains silent and invokes no corrective action by the court, until the time has passed when any correction could be availing, must be held to have no just cause to complain thereafter. He certainly has saved no technical exception, and, when the case is viewed more broadly, he occupies no better position. The trial judge is there to do justice and to enforce the law. If counsel waive a resort to his interposition, for instance, by permitting obviously irrelevant evidence to come in without objection, they cannot afterwards assert an exception to its admission. Why should not the same rule prevail when counsel in argument adverts to some fact irrelevant to the case on trial? The court may itself inter-

pose when necessary to keep an argument in its proper channel; but if it does not do so a party or his counsel should object to any remarks deemed improper, so that the court may plainly understand the objection and act upon it to correct or remove the false impression they may tend to create, while there is yet time for such ruling to be effective. Counsel cannot dispense with the valuable aid of the court in administering the law, and then charge the court later with error for not sustaining an unspoken objection.

Our statute law declares that "no exceptions shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by such court." Revised Statutes 1889, sec. 2302.

We think it should be held, in accord with the plain intent of that section, that where no objection (such as the trial judge can act upon) is made at the time to improper remarks of counsel in argument, the courts will not entertain an objection afterwards interposed by the motion for new trial.

VI. The only remaining objection to the verdict is based on its size ($3,000), it being insisted that it is excessive.

When plaintiff fell into the hole in the sidewalk a piece of nail, fastened into one of the foundation beams of the woodwork, became imbedded in her leg, penetrated the flesh and also the bone. She was moreover thrown into a position which forced the weight of her body upon her elbow, so that she received a severe injury to the left side.

Her testimony tended to prove that she had suffered great and constant pain since her fall; had attacks in the nature of spasms at times, and had been wholly unable to do her ordinary work in consequence, that she suffered constantly from sleeplessness, was

often unable to sit up without pain, and was frequently obliged to resort to chloroform to obtain rest; that she was forty-seven years old and had enjoyed good health before the injury.

Her physician testified that the spike had penetrated "away into the bone;" that plaintiff's principal injury was to her side; that her liver was affected thereby, and he had treated her for that ailment.

The testimony for defendant tended to show that many of plaintiff's symptoms were exaggerated, feigned, or that she was hysterical concerning them. But the trial court and jury who saw her, face to face, were in a far more favorable position to determine whether her alleged sufferings were real or pretended than we are. If her story is true (and, as the verdict sustains it, we must now so regard it), the amount of the recovery is not excessive, certainly not sufficiently so to warrant interference with it here.

The judgment is affirmed. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.