Asa Monroe JONES, Appellant,

v.

Robert Charles RASH, Respondent.

No. 45736.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1957.

J. Hal Moore, J. Bernie Lewis, of Moore & Lewis, Aurora, Emory Melton, Cassville, for appellant.

Royle Ellis, Cassville, Neale, Newman, Bradshaw, Freeman & Neale, Jean Paul Bradshaw, Ransom A. Ellis, Jr., Walter S. Pettit, Jr., Springfield, for respondent.

STORCKMAN, Presiding Judge.

This is a suit to recover the sum of $15,-500 for personal injuries suffered by the plaintiff and damage to his automobile as a result of an automobile collision. Verdict and judgment were in favor of the defendant and plaintiff has appealed. The parties will generally be referred to as they were designated in the trial court.

Plaintiff was an automobile mechanic living in Aurora, Missouri. Defendant, a resident of Shelbina, Missouri, was working in Aurora as a line man on a construction gang at the time of the collision. During the evening of Saturday, February 6, 1955, plaintiff drove his 1950 Oldsmobile automobile to Monett, Missouri, and then on to Shady Grove, a beer tavern and dance hall located about six miles west of Monett, where he arrived at about 11:00 p. m. On the same evening the defendant, accompanied by a friend, Clarence Muiller, after dinner in Aurora, also drove to Shady Grove in defendant's 1949 Pontiac. The plaintiff and defendant were not acquaint-

ed, however, and did not meet until their automobiles collided on their way home.

The accident occurred at about midnight. The plaintiff, riding alone, had left Shady Grove and was driving east on U. S. Highway 60. He testified that he saw defendant's car pass him about one mile west of the point of collision. The defendant and Muiller did not recall passing any automobile after they left Shady Grove. In any event, defendant was driving ahead of plaintiff's car at the time and place of the accident which occurred on a straight stretch of U. S. Highway 60 about three or four miles west of Monett. From the point of collision there is good visibility looking east for over 1000 feet and looking west for more than 2000 feet. The night was cold but clear. Both cars had been traveling steadily at about 45 to 50 miles per hour. Plaintiff testified that he was driving about 250 feet behind the defendant when defendant checked the speed of his car and stopped, or nearly stopped, on the highway without warning. Plaintiff applied his brakes and skidded his tires on the pavement for a distance of 63 feet before striking the rear of defendant's car and knocking it forward for a distance variously estimated at from 80 to 96 feet.

It was admitted that defendant had two taillights burning on the rear of his automobile and that the plaintiff had defendant's car constantly in view up to the time of the collision. The pavement was blacktopped and about 22 feet wide. The westbound or northern lane was unoccupied at the time of the accident, and there is no substantial evidence that any other traffic was in sight either to the east or the west. Defendant's car was conceded to have been on the pavement entirely in the eastbound or southern lane of travel at the time it was struck.

Plaintiff's evidence tended to prove that the defendant stopped his automobile suddenly and unexpectedly on the highway, or checked its speed, and that he gave no signal, either by arm or mechanical signaling device, of his intention to do so. Defendant conceded he gave no arm signal and that he had no directional light on his car to signal a turn to the right or left. However, his evidence tended to prove that his automobile was equipped with a signaling device to warn of the stopping or decreasing the speed of the motor vehicle, which device was in good working order at the time, and that defendant slowed down gradually and had not stopped when his car was hit from the rear.

Plaintiff submitted his case on two separate charges of specific negligence. One was the failure of the defendant to give an appropriate signal or warning of his intention to suddenly decrease the speed of his motor vehicle; the other was defendant's failure to give warning of his intention to stop his vehicle on the roadway. Defendant pleaded six grounds of contributory negligence and submitted three to the jury by specific instructions. A general instruction on plaintiff's negligence was also given at defendant's request.

We have concluded that the cause will have to be reversed and remanded for error in the giving of Instruction No. 11, which reads as follows: "The Court instructs the jury that, although you may find from the evidence that the defendant, Robert Rash, was guilty of negligence as charged in the plaintiff's petition, yet if you further find and believe from the evidence that the plaintiff, Asa Monroe Jones, was also guilty of negligence and that such negligence concurred with the negligence of the defendant in causing the collision, that is, that both the plaintiff and the defendant were guilty of negligence, and that such joint negligence caused the collision, then your verdict must be for the defendant."

Plaintiff asserts that this verdict-directing instruction fails to hypothesize any act or omission on the part of the plaintiff on which negligence could be found, and that it fails to refer to any other instruction hy-

pothesizing negligence or contributory negligence, and therefore gives the jury a roving commission.

■ The instruction purports to be complete within itself and directs a verdict for the defendant. Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, 500 [2], after stating the requirements of a verdict-directing instruction given on behalf of plaintiff, further holds: "In like manner, verdict-directing instructions in behalf of the defendant should recite on their face or by reference to other instructions any essential fact or facts shown or not shown which will defeat plaintiff's right of recovery."

■ The defendant contends that Instruction 11 is not prejudicially erroneous because the instructions in the case, taken as a whole, contain a complete exposition of the law and require a finding of necessary facts constituting contributory negligence, citing Larey v. Missouri-Kansas-Texas R. Co., 333 Mo. 949, 64 S.W.2d 681, 684; West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W.2d 308, 313; Higgins v. Terminal R. Ass'n, 362 Mo. 264, 241 S.W.2d 380, 387; Duffy v. Rohan, Mo., 259 S.W.2d 839, 841. He further contends that the instruction does not constitute a roving commission to the jury, since the defendant submitted only three of the six grounds of contributory negligence pleaded, and the jury could not find for the defendant on abandoned issues, citing Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S.W.2d 91, 93.

If Instruction 11 had not been given, then undoubtedly the charges of contributory negligence would have been limited to the issues specifically submitted by Instructions Nos. 6, 8 and 9 given at defendant's request. Guthrie v. City of St. Charles, supra. The specific issues of contributory negligence so submitted were plaintiff's failure to maintain a careful and vigilant lookout ahead, his failure to keep his automobile under control so as to be able to stop it or to turn to the left into the passing lane, and

his failure to pass to the left of the defendant's automobile at a safe distance.

In Swain v. Anders, 349 Mo. 963, 163 S.W.2d 1045, the defendant pleaded five specifications of contributory negligence. Several of the assignments were supported by evidence, but an attempt was made to submit only one of them specifically. There were three instructions given submitting contributory negligence generally. On the question of abandonment of issues of contributory negligence, the court held, 163 S.W.2d loc. cit. 1051 [11]: "In view of the three general contributory negligence instructions and the one specific one, it could not be contended that the other assignments of contributory negligence, which were pleaded and supported by evidence but not specifically submitted, were abandoned. Respondents contend that, when instructions 4, 5 and 7 are read with instruction 9, 'there is a specific act of negligence instructed upon.' We cannot agree. There was no waiver or abandonment of the other assignments of contributory negligence. The three instructions on general contributory negligence could reasonably be construed as evidencing an intention to instruct on the other assignments." We do not think the case is distinguishable because the court also held that Instruction 9, undertaking to submit specific negligence, was incorrect, especially in view of the standards stated in Hooper v. Conrad, supra. Instruction 11 purports to be complete within itself and contains no language which permits it to be tied in with other instructions. In some respects it is exclusive and a departure in that it injects concurring and joint negligence, of which we will have more to say later in the opinion.

We cannot distinguish the instant case from Pulse v. Jones, Mo., 218 S.W.2d 553, wherein a general instruction on contributory negligence permitted a finding against the plaintiff if he failed to exercise the highest degree of care "in any way." In disposing of the contention that the error in

giving the general instruction was cured by other specific instructions on contributory negligence, this court stated, 218 S.W.2d loc. cit. 556: "That other instructions given by the court submitted certain of the specific contributory negligence alleged does not mitigate against the error in giving instruction 4. This instruction was a mere roving commission to the jury to wander afield and single out imagined factors of contributory negligence of speculative value whether pertinent to the case or not, all to plaintiff's prejudice. It predicated a verdict and its giving was reversibly erroneous. For the giving of instruction 4 the judgment must be reversed and the cause remanded."

The defendant undertakes to distinguish Pulse v. Jones because the words "in any way" are not used in the instant instruction. These words merely gave emphasis to what is permitted by the language employed in Instruction 11. The difference, if any, is one of degree only.

■ In addition to the three issues of contributory negligence specifically submitted, testimony was elicited from plaintiff on cross-examination from which the jury might have understood that they could find that the plaintiff was driving at a high, dangerous and excessive rate of speed under the circumstances, and that he should have sounded his horn to warn of his approach from the rear. These were two of the three additional grounds of contributory negligence pleaded. If the defendant intended to submit additional issues, he should have offered instructions hypothesizing the essential facts. By this means the trial court would have been given an opportunity to pass upon the sufficiency of the evidence to justify the submission, and, if the issues were submitted, the jury would have had the direction and guidance contemplated by our practice of giving written instructions on the law of the case. The effect of Instruction 11 was to remove the restrictions and limitations resulting from the giving of specific instructions and the jurors were left free to form their own ideas as to the sufficiency of the evidence and the law of the case.

■ Nor can the instruction be justified on the ground that it is "what is commonly called a 'joint negligence' instruction" as defendant attempts to do. Nowhere in the pleadings nor in the evidence is concurring or joint negligence mentioned. They are first injected into the case by Instruction 11. In Carr v. St. Louis Auto Supply Co., 293 Mo. 562, 239 S.W. 827, 829 [1], the distinguishing features of concurrent negligence and joint negligence are discussed. In Barr v. Missouri Pac. R. Co., Mo., 37 S.W.2d 927, 930 [10], the court criticized the use of the term "joint negligence" in a contributory negligence instruction, stating: "The criticism we have to make of instruction No. 6 is that it speaks of joint negligence of plaintiff and defendant. In Webster we find joint to mean, 'Involving the united activity of two or more.' 'Done or produced by two or more working together.' The word 'joint' is often properly used in negligence law. However, it has no application to the alleged negligence of plaintiff and defendant in this case. The instruction tends to confuse, rather than clarify, the issue. It is a better practice to give only one instruction fully and clearly covering the subject of contributory negligence than to give a number with useless repetitions." The use of the terms "concurrent" and "joint" negligence tends to aggravate rather than mitigate the error in giving Instruction 11.

■ It should further be noted that the first part of the instruction speaks of defendant's negligence "as charged in the plaintiff's petition." The law is well settled that it is not permissible to refer the jury to the pleadings for the ascertainment of controverted issues. Adams v. City of St. Joseph, 360 Mo. 806, 230 S.W.2d 862, 864 [2]; Fuller v. Baxter, Mo.App., 284 S.W. 2d 66, 71 [12]. Appellant makes no complaint on this score, however, probably be-

cause it could hardly be prejudicial to his interest under the circumstances. We mention the transgression only as a caveat.

We find nothing in the cases cited by the defendant to relieve the error in giving Instruction 11. We hold that it was confusing, misleading and prejudicial under the circumstances of this case.

■ There are two other assignments of error which perhaps should be discussed briefly since the cause must be tried again. One is the plaintiff's contention that Instruction No. 8 is erroneous "for the reason that the first paragraph thereof is an incorrect and conflicting abstract statement of law." The portion of the instruction attacked is as follows: "The court instructs the jury that under the law of this state a motorist has a right to follow another motorist at a reasonable and safe distance. However, he must operate his automobile in such a position, and have it under such control, as to be able to stop without a collision, or turn out sufficiently to pass the vehicle in front without running into the car ahead in case the latter, for any reason, slows down or comes to a sudden or unexpected stop." The instruction has three additional paragraphs, the last of which directs a verdict for defendant if the jury finds that plaintiff was negligent in failing to have his automobile under such control that he could stop or turn it aside and thereby avoid the collision.

The plaintiff concedes that the first sentence of the quoted paragraph is perhaps a correct statement of the common law rule as well as the statute, V.A.M.S. § 304.017, which reads as follows: "The driver of a vehicle * * * shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway." However, the plaintiff insists that the second sentence is incorrect in that it imposes a duty on a motorist following another "to avoid a collision under any and all circumstances," and further that the first and second sentences are in conflict. Taking up the latter contention first, we cannot agree that the sentences are conflicting. The second sentence, in effect, modifies the first. The paragraph might have been written as one sentence, thusly: Although a motorist has a right to follow another at a reasonable and safe distance, he must operate his automobile in such position and have it under such control that he can stop or turn it aside and pass without a collision if the preceding automobile for any reason slows down or comes to a sudden or unexpected stop.

■■ In support of his contention that Instruction 8 is erroneous, plaintiff has cited Phillips v. Prugh, Mo.App., 255 S.W.2d 84, 89; Young v. Anthony, Mo., 248 S.W.2d 864; and Woods v. Chinn, Mo.App., 224 S.W.2d 583, dealing with abstract and conflicting instructions. We do not consider the paragraph to be an abstract statement "with no effort made to apply said principles of law to the facts of the case," as stated in Phillips v. Prugh, because the concluding paragraph of the instruction undertakes to make such application. Rather, the instruction falls within the doctrine of Christman v. Reichholdt, Mo.App., 150 S.W.2d 527, 532 [7], wherein it is stated: "But it is also well-established law in this state that an abstract statement of law in an instruction will not form the basis for a reversal of a judgment, when it is accompanied with a further call for a finding by the jury of all the facts required by law to justify a verdict. McGrew v. Missouri Pacific Ry. Co., 109 Mo. 582, 19 S.W. 53; Burdoin v. Town of Trenton, 116 Mo. 358, 22 S.W. 728."

■ The remaining complaint is that this first paragraph of Instruction No. 8 is an incorrect statement of the law, because it imposes a duty upon the motorist following to avoid a collision under any and all circumstances. This instruction seems to be an attempt to achieve the same legal effect as the instruction first considered in Christman v. Reichholdt, Mo.App., 150 S.W.2d 527, 531 [3], and later approved by this court in Terrell v. McKnight, 360 Mo. 19, 226 S.W.2d

*714, 717* [3]. The general language of the first paragraph of this Instruction 8, including the words "for any reason," follow the rule of law as stated in *Matthews v. Mound City Cab Co.*, Mo.App., 205 S.W.2d 243, 249 [10]. The words "for any reason" accent, but apparently add no legal force, to the instruction approved in *Terrell v. McKnight, supra*.

■ Instruction No. 8 undertakes to deal with the duty imposed upon the plaintiff, the violation of which would convict the plaintiff of contributory negligence. Plaintiff's Instructions 1 and 2 dealt with the duty imposed upon the driver of the front automobile to give a timely warning of his slowing or stopping his automobile. The instructions complement each other and are not in conflict.

■ Although instructions containing abstract statements of law should not be given, the giving of such an instruction is not reversible error unless it appears from the circumstances that the instruction was confusing, misleading and prejudicial in the particular case. *Benham v. McCoy*, Mo., 213 S.W.2d 914; *Killinger v. Kansas City Public Service Co.*, Mo., 259 S.W.2d 391.

Instruction 8 has weaknesses and is vulnerable to the criticism made as well as others. While prejudicial error has not been shown in this instance, the instruction rests upon unsafe ground and it should be radically redrafted in order to avoid the possibility of its being held to constitute prejudicial error in other circumstances.

■ Plaintiff also contends that the trial court erred in refusing to permit him to amend his petition to allege specific negligence on the part of defendant in failing to give a signal of his intention of making a right turn off of the highway. Four requests by plaintiff for leave to amend were made and denied by the trial court during the course of the trial. At that time, without the defendant's consent, the plaintiff could only amend by leave of court, although such leave should be freely given when justice so requires. Sec. 509.490.

The collision occurred when defendant's car was 12 feet west of a gravel road running south from the pavement of U. S. Highway 60. The plaintiff knew of the grounds of the proposed amendment at least 18 months prior to the trial when the defendant testified in his deposition that he had intended to turn off on this side road so that his companion could "relieve his kidneys." Evidence was admitted at the trial that defendant intended to do so. There was no evidence in the case, however, that he actually started to turn his automobile. Defendant's intention to turn to the right was only an evidentiary fact tending to prove that the defendant did slow down or stop, and not the ultimate fact upon which plaintiff's recovery depended. Since the plaintiff will have an opportunity to apply anew for leave to amend, we will not pursue the question further except to say that on the record before us the plaintiff failed to demonstrate that he was prejudiced in any material way by reason of the trial court's denial of leave to amend.

For the error in giving Instruction No. 11, the judgment is reversed and the cause remanded.

All concur.