Paul HUSTAD, an Infant, by Everett T. Hustad, his Next Friend, Plaintiff-Appellant,

v.

John COONEY, Jr., Defendant-Respondent.

No. 45913.

Supreme Court of Missouri,
Division No. 2.

Jan. 13, 1958.

Thomas M. Sullivan, Downey, Abrams & Sullivan, Kansas City, for appellant.

Joseph B. Bott, John J. Alder, Alder & Morrison, Kansas City, for defendant-respondent.

BARRETT, Commissioner.

On February 3, 1955, about 7:25 o'clock in the evening, Paul Hustad, then twelve years old, and his friend Jerry Boone were sledding on Anderson Avenue in Kansas City. On the first trip down Anderson, riding "belly-buster," one boy on top of the other, as they turned onto Topping Avenue the sled collided with an automobile driven by John Cooney, Jr. The Department of Welfare had not designated Anderson Avenue as a coasting area, the sledding was not supervised, there were no barricades, and Paul's and Jerry's sledding was contrary to the provisions of an ordinance. The automobile, also contrary to the provisions of an ordinance, was traveling the wrong way on a one-way street. To recover damages for Paul's resulting personal injuries his father as next friend instituted an action against Cooney. Mr. and Mrs. Hustad also instituted a separate action to recover their resulting losses. The two cases were consolidated and upon their trial a jury returned a verdict in favor of the father and mother in the sum of $2,000 but as to Paul's cause of action returned a verdict in favor of the defendant Cooney. There was no motion for a new trial on behalf of the defendant Cooney and upon the court's overruling Paul's motion for a new trial his father has prosecuted this appeal urging that the court erred in giving instructions 5, 6, 7 and 14.

■ It is urged that instruction 6 was prejudicially erroneous in that it stated that a violation of the ordinance by Paul "would be negligence." The respondent does not make the usual point that the plaintiff was guilty of contributory negligence as a matter of law and, was, therefore, in no event entitled to recover and so it is assumed that Paul's coasting in violation of the ordinance was not negligence per se. Doran v. Kansas City, 241 Mo.App. 156, 237 S.W.2d 907; 2 Harper & James, Torts, Secs. 17.6, 22.9, pp. 994, 1227; 36 Mich.L.R. 328; 15 Texas L.R. 522; 95 Pa.L.R. 93. See and compare however, the coasting cases, Pardy v. Kendall, 262 App.Div. 858, 28 N.Y.S.2d 185; 5A Am.Jur., Sec. 778, p. 731; 2A Blashfield, Cyclopedia of Automobile Law, Sec. 1524, p. 467; annotations 20 A.L.R. 1433; 109 A.L.R. 941.

While the instruction was upon the subject of contributory negligence it did not in point of fact purport to set forth the degree of care to be exercised by Paul. It is in this respect that the case differs from Dorlac v. Bueneman, Mo.App., 129 S.W.2d 108, in which the instruction had the effect of requiring of a boy nine years old the degree of care to be exercised by an adult. The plaintiff offered and the court gave an instruction on contributory negligence in general and a separate instruction that contributory negligence as to Paul meant "failure to exercise such care as persons of his experience and capacity and his age * * * would usually exercise under similar circumstances * * *." Instruction

6 does not in terms state, as the appellant asserts, that "a violation of the ordinance by the infant plaintiff would be negligence," that is, negligence as a matter of law. The instruction says "if you find and believe from the evidence that at the time and place in question plaintiff Paul Hustad was coasting upon a sled in a westerly direction on Anderson Street at the approach to and into the intersection with Topping Street * * * in violation of Section 37–68 (10320), also known as section 18–19, of the ordinance of Kansas City, * * * and that said street area was not barricaded and was not being used as a supervised coasting area * * * and if you find that plaintiff Paul Hustad was negligent in so coasting upon a sled under the circumstances, * * *." In short, the instruction hypothesizes the facts and circumstances, including a violation of the ordinance, which, if found by the jury, would constitute contributory negligence on Paul's part. As stated, it does not, either expressly or impliedly, purport to advise the jury as to the degree of care to be exercised by Paul, that matter was covered in the mentioned plaintiff's instruction. Considering all the instructions, instruction 6 did not change the degree of care required of Paul, it did not declare his violation of the ordinance to be negligence per se, and in the circumstances was not prejudicially erroneous so as to demand the granting of a new trial. Warren v. Kansas City, Mo., 258 S.W.2d 681; annotation 174 A.L.R. 1080, 1099–1103.

■ What we have said with respect to instruction 6 is in part applicable to instruction 7. It is urged, however, that "said instructions was based on facts not in evidence" and imposed on the plaintiff the duty to anticipate that the defendant was traveling the wrong way on a one-way street. The appellant means by this that Paul and Jerry looked to the left for oncoming traffic as they coasted down Anderson Avenue, that there was no evidence as to their failure to look to the right, and that they were not under a duty to antici-

pate that an automobile would be driven the wrong way on a one-way street. Mathias v. Eichelberger, 182 Wash. 185, 45 P.2d 619. The boys were not operating an automobile and we need not attempt to say what their duty with respect to keeping a lookout may have been, whether they too were under a duty to keep a lookout laterally and to the right as well as ahead and to the left. Patton v. Hanson, Mo., 286 S. W.2d 829, 831. As we view and interpret the instruction it does not in terms compel the anticipation of a wrong-way driver or even require a lookout to the right. Instruction 7 told the jury if they found and believed from the evidence that Paul was coasting in a westerly direction on Anderson Street at the approach and intersection with Topping, that "in nearing, closely approaching, and entering said intersection on Topping Street plaintiff Paul Hustad failed to keep a reasonably careful lookout for vehicular traffic upon said streets; and if you find there was no barricade or other warning to vehicular traffic upon Topping of his coasting upon a sled upon said streets, * * *." Again, it can only be repeated that the instruction does not mention the subjects of looking to the right or of anticipating wrong-way traffic. It may be that the language is broad enough to include these subjects but there were no delimiting instructions on this phase of the case. However, the plaintiff's instructions specifically hypothesized and submitted as a ground of recovery Cooney's driving the wrong way on Topping Avenue, also in violation of a city ordinance. In any event, the instruction conjunctively submits again a finding of no barricades or other warning to motor vehicular traffic of the fact of children sledding upon the streets and in these circumstances the instruction was not prejudicially erroneous. Knox v. Weathers, 363 Mo. 1167, 1173, 257 S.W.2d 912, 915.

■ Instruction 5 advised the jury, although they found and believed from the evidence that Cooney was negligent, if they further found and believed from the evi-

dence that Paul "was also negligent in any manner, as submitted and defined in other instructions herein, and that such negligence was a contributing cause of the injuries complained of, if any, then plaintiffs cannot recover and your verdict must be for defendant John Cooney." It is urged, by reason of the phrase "in any manner," that the instruction was "a roving commission" to the jury to guess and speculate "as to the negligence (contributory negligence) of the plaintiff." The ambiguous phrase "roving commission," though often repeated, is not a term of art and does not appear to have been definitively defined and it is not necessary to attempt a definition here. In Gillioz v. State Highway Commission, 348 Mo. 211, 153 S.W.2d 18, "roving commission" meant an abstract instruction submitting a "pure question of law" in such broad language as to permit the jury to find a verdict "without being limited to any issues of fact or law developed in the case." In Paisley v. Kansas City Public Service Co., 351 Mo. 468, 173 S.W.2d 33, and Pearrow v. Thompson, 343 Mo. 490, 121 S.W.2d 811, when employed in a general contributory negligence instruction, the phrase meant that the instructions failed to point out what acts constituted contributory negligence and so was "too general."

Similar if not identical language in Pulse v. Jones, Mo., 218 S.W.2d 553, 556, was held to be prejudicially erroneous and since that case it is difficult to understand why the use of the phrase or of similar instructions would be hazarded. However, in Pulse v. Jones, the instruction did in effect define "contributory negligence," there as the failure to exercise the highest degree of care which "in any way caused or contributed to cause the collision." Another possible distinction in that case is that the objectionable phrase "in any way" was not directly modified, qualified or restricted by its reference to other instructions. The instruction here does not purport to define "contributory negligence," it is defined here "as submitted and defined in other instruc-

tions." In this instruction the jury is only advised as to the general effect of contributory negligence. The whole subject has been more recently considered in Jones v. Rash, Mo., 306 S.W.2d 488, 492. It is difficult to say from the instruction in that case just what its subject was, the defendant claimed that it was a "joint negligence instruction." In any event the instruction was complete in itself and, even though the defendant was found to be negligent, directed a verdict for the defendant upon the finding that "Asa Monroe Jones, was also guilty of negligence and that such negligence concurred with the negligence of the defendant in causing the collision, that is, that both the plaintiff and the defendant were guilty of negligence, and that such joint negligence caused the collision." That instruction, it will be observed, did not refer to the contributory negligence of the plaintiff "as submitted and defined in other instructions herein." Pulse v. Jones contained the phrase "as defined in another instruction" but if the instruction is not otherwise erroneous or misleading the implication of Jones v. Rash is that the phrase is of some force and significance if properly placed. In these circumstances instruction 5 may not be said to have conferred upon the jury "a roving commission" to find contributory negligence by speculation or conjecture outside the supported issues hypothesized and defined in other instructions.

■ Finally, instruction 14 was upon the subject of the plaintiff's burden of proof and because it employs the phrase "to your reasonable satisfaction" is said to have erroneously imposed a greater burden upon the plaintiff than the law requires. And because there is a second sentence to the effect that the burden continues "throughout the entire trial of this case" it is said that the instruction erroneously placed upon the plaintiff the burden of disproving contributory negligence. As to the latter assertion, as indicated, every phase of contributory negligence was covered by other instructions, some presenting the plaintiff's

point of view and some presenting the defendant's point of view, and there was a separate instruction plainly informing the jury that the burden of proving contributory negligence was upon the defendant. Furthermore, this instruction is not concerned with contributory negligence—it is only concerned with the plaintiff's general burden of proof.

■ There are case in which it has been said that the use of the phrase, "to the reasonable satisfaction of the jury," in a burden of proof instruction is erroneous but in each of those cases the statement was obiter dictum. For example, in Daggs v. Patsos, Mo.App., 260 S.W.2d 794, 799, the court had reversed the judgment for other reasons and specifically disclaimed the necessity or intention of determining the matter —"Since the case must be reversed upon another ground we need not determine whether this error would require a reversal." Also in Wilt v. Moody, Mo., 254 S.W.2d 15, 22, where all the cases are collected and reviewed, the court had reversed and remanded the case for other reasons and in discussing Seago v. New York Central R. Co., 349 Mo. 1249, 164 S.W.2d 336, 147 A.L.R. 372, said, "The opinion cited a number of cases in which such instructions had been condemned, but did not rule on it since it had already held another instruction in the case was erroneous. But it added that its comments thereon should be a sufficient warning to the trial courts and the bar." While it is difficult to understand why any one would hazard the risk of the language, the fact is that no case has ever been reversed solely because of the use of the phrase "to the reasonable satisfaction of the jury." There have been caveats and warnings, and when a trial court granted a new trial because of its view that the language had prejudicial effect, the judgment was affirmed. Hogan v. American Transport, Mo., 277 S.W.2d 495; Pulley v. Scott, 362 Mo. 1217, 247 S.W.2d 767. In Pulse v. Jones, supra, it was said, again by way of obiter dictum, that the word "reasonable" qualified the meaning of "satisfaction" and that an instruction containing the phrase was not prejudicially erroneous. Even the use of the word "satisfaction," when not qualified by "reasonable," has been held not to be prejudicial error when all the instructions were considered. Machens v. Machens, Mo., 263 S.W.2d 724; annotation 147 A.L.R. 380. In Barker v. Crown Drug Co., Mo., 284 S.W.2d 559, "to your *complete satisfaction,*" especially in a res ipsa loquitur case, was held to be prejudicially erroneous. In Lebow v. Missouri Public Service Co., Mo., 270 S.W.2d 713, "to the satisfaction of the jury" was erroneous when employed in connection with a presumption. The phrase is also prejudicially erroneous if the instruction in its context has the effect of excluding from the jury's consideration defendant's evidence favorable to the plaintiff, a point or fact not claimed here. Chaar v. McLoon, 304 Mo. 238, 263 S.W. 174. These discrediting and misleading elements or factors are not present in this case; this burden of proof instruction deals only with the plaintiff's right to recover and, in that connection, with his burden of proof, and in the circumstances of this case was not so prejudicially erroneous as to demand the granting of a new trial. Rasp v. Baumbach, Mo., 223 S.W.2d 472; Johnson v. Dawidoff, 352 Mo. 343, 177 S.W.2d 467; Machens v. Machens, supra; Pulse v. Jones, supra.

In short, as to all of these instructions, it is not demonstrable that there was such error materially affecting the merits of the action, V.A.M.S. § 512.160, or the plaintiff's right to a fair trial as to demand the granting of a new trial by this court. Accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.